[Civ. No. 17771.   Second Dist., Div. Three.   Apr. 19, 1951.]

KATHLEEN E. COUGHLIN, Appellant, v. HARLAND L. WEAVER, INC. (a Corporation) et al., Respondents.

Gandy & Cockins for Appellant.

Tripp & Callaway, Toxey Hall Smith and Crider, Runkle & Tilson for Respondents.

WOOD (Parker), J.—Action for damages for personal injuries. At the close of plaintiff's case the defendant corporations made motions for nonsuit. The motion of the Graham Corporation was granted, and the motion of Weaver, Inc. was denied. The verdict was in favor of defendant Weaver, Inc. Plaintiff appeals from the judgment of nonsuit and from the judgment entered on the verdict.

Defendant Harland L. Weaver, Inc., a corporation, was the builder and owner of a dwelling house in Los Angeles. That defendant authorized the defendant Marshall D. Graham Corporation, a real estate broker, to sell the property at a certain price and it agreed to pay the broker a commission for its services. On November 28, 1948, a Miss Hanen, who was an employee of the Graham Corporation, was at the property for the purpose of showing the property to prospective purchasers. In front of the house there was a sign which stated "Open for Inspection." About 4 p. m. of said day the plaintiff, who intended to buy a house, and three of her friends entered the house, upon invitation by Miss Hanen, for the purpose of inspecting it. Miss Hanen proceeded to show the house to them, and as they went from room to room

she talked to them about the house. They all went into a hall and then two of plaintiff's friends went into a bedroom. The hall was well lighted. On one side of the hall there was a door to a linen closet and across the hall from that door there was a door to the basement. The basement door was constructed so that it opened away from the hall and over the stairway leading to the basement. There was no landing at the top of the basement stairway—the stairway was flush with the bottom of the door or the floor of the hall. The stairway did not have a handrail. While Miss Hanen and plaintiff's friend (who remained in the hall) were looking toward the linen closet door, the plaintiff opened the basement door, stepped forward and through the doorway as the door opened, and fell into the basement. No one saw her open the door or saw her fall.

On the basement door there was a doorknob, and about 5 inches above the doorknob there was a smaller knob which was a part of a bolt lock. The bolt part of the lock was concealed in the wood of the door, and the bolt was operated by turning the small knob. Plaintiff testified that she did not see the lock above the doorknob; she went to the door, put her right hand on the doorknob, and said, "What's this room?"; then she turned the doorknob, opened the door, and stepped "with it" through the doorway into dark space. Miss Whittle, an employee of the Graham Corporation, who was called as a witness by defendant Weaver, Inc., testified that she opened the house about 10 a. m. on the day of the accident; that she left the house about 2 p. m., after Miss Hanen arrived there; and that the basement door was locked when she left. Miss Hanen, who was called as a witness by defendant Weaver, Inc., testified that she arrived at the house about 1 p. m.; and that the basement door was locked when she took plaintiff and her friends through the house. Mr. Weaver, president of defendant Weaver, Inc., testified that his company owned several houses in the tract where this house is located; that he had given instructions to the people in charge of the property that all basement doors had to be locked; and that the doors were locked, as a precautionary measure, to keep children from opening them. He also testified that about 4 p. m. on a clear day the visibility at the top of the basement stairway was fair.

Ordinances of the city of Los Angeles required that there should be a landing at the top of the basement stairway, and that the stairway should have a handrail.

Appellant contends that the granting of the motion for a nonsuit as to the Graham Corporation was erroneous. She alleged in her complaint that the Graham Corporation was an independent contractor. At the close of plaintiff's case, as above stated, defendant Weaver, Inc. made a motion for a nonsuit upon the grounds: that any violation of the ordinance is not a proximate cause of any injury sustained by plaintiff; and that plaintiff was guilty of negligence as a matter of law. The motion was denied. Thereupon counsel for defendant Graham Corporation made a motion for a nonsuit and stated that it was made upon the same grounds that were advanced by defendant Weaver, Inc. The trial judge said: "[T]he motion will be denied on that ground, but there is a ground upon which the Court will entertain a motion, and that is upon the ground that . . . there has been no evidence to substantiate the plaintiff's contention in his pleadings that this real estate company was an independent contractor. . . . And furthermore, there is nothing in his pleadings . . . basing any liability on the ground of an agency." Thereupon the court granted the motion of defendant Graham Corporation for a nonsuit. Counsel for plaintiff then asked to be heard, and he argued that plaintiff was a business invitee of both defendants. Thereafter the court said: "Had you proceeded on the theory of agency the Court would have sustained you, but you chose to proceed on a tenuous theory here which the Court is not going to grant. I grant you that the—it might have been the agent of either or both parties." Then counsel for plaintiff said that if the defendant Graham Corporation was not an independent contractor and was merely an agent he (counsel) thought said defendant would not be liable. The court said: "The only question before the Court is one of an independent contractor. That is your pleading, and that is what you chose to stand on. . . . The motion will be granted." The evidence was sufficient to prove that plaintiff was a business visitor. In the Restatement of the Law of Torts, section 343, it is stated in part that a possessor of land is subject to liability for bodily harm caused to business visitors by a condition thereon if he (a) knows, or by the exercise of reasonable care could discover, the condition which, if known to him, he should realize as involving an unreasonable risk to them, and (b) has no reason to believe that they will discover the condition or realize the risk involved therein, and (c) invites or permits them to enter or remain upon the land without

exercising reasonable care to make the condition reasonably safe or to give a warning adequate to enable them to avoid the harm. In "Comment a" of said section (p. 939) it is said: "[T]he visit of a business visitor is or may be financially beneficial to the possessor. Such a visitor is entitled to expect that the possessor will take reasonable care to discover the actual condition of the premises and either make them safe or warn him of dangerous conditions." The evidence herein was sufficient to prove that defendant Graham Corporation was a possessor of the house within the meaning of said section. It was also sufficient to prove that the agents of Graham Corporation were familiar with the manner in which the basement stairway was constructed. The rule as to the duty of the trial court in considering a motion for a nonsuit and the duty of a reviewing court in considering an appeal from an order granting a nonsuit is stated in *Raber* v. *Tumin,* 36 Cal.2d 654 [226 P.2d 574], at page 619. In that case the defendant Tumin, as lessee, had signed a lease of a storeroom and had commenced alterations of a partition in the room about 4 hours before the accident occurred therein. The other defendant in that case was a carpenter who, as employee of defendant Tumin, was making the alterations. The plaintiff was an electrician who had gone to the room at the request of defendant Tumin to check for any changes that might be necessary in the wiring. A ladder in the room fell upon plaintiff and injured him. The trial court therein granted the motions of both defendants for nonsuit. On appeal the judgment was reversed. The court said (p. 621) that the evidence was sufficient to support a finding that both defendants had possession of the store and ladder and they were exercising dominion over such property, and that "Plaintiff was a business visitor toward whom Tumin, together with the servant through whom he was acting in altering the premises, 'was obliged to exercise ordinary care to keep the premises in a reasonably safe condition, or to warn . . . of danger. The duty was not limited to conditions actually known . . . to be dangerous, but extended also to conditions which might have been found dangerous by the exercise of reasonable care.' " In the present case, the motion for a nonsuit should not have been granted.

Appellant contends, with reference to the judgment in favor of Weaver, Inc., that the question of contributory negligence on the part of plaintiff should not have been submitted to the jury. She argues to the effect that there was no evidence of contributory negligence on the part of plaintiff.

The question of contributory negligence was one of fact for the determination of the jury.

Appellant also contends that the court erred in refusing to give two instructions which she requested. One of those instructions was based upon the provisions of said section 343 of the Restatement of Torts, above referred to, relative to the duty a possessor of land owes to a business visitor. The subject matter of this proposed instruction was covered by other instructions which were given. As to the other proposed instruction, appellant asserts that it was definitely an exposition of plaintiff's theory of the case, and that although formula instructions are frowned upon by courts that instruction should have been given. The court did not err in refusing to give the instruction.

Appellant also contends that the granting of a nonsuit as to the Graham Corporation adversely affected appellant's case against defendant Weaver, Inc., and that the granting of such nonsuit was prejudicial error in appellant's case against defendant Weaver, Inc. Appellant argues that since Mr. Weaver testified that he had instructed the Graham Corporation to keep the basement door locked, the jury might have concluded that the giving of such instruction by Mr. Weaver was all that Weaver, Inc. could have done and that the responsibility and the duty to warn were transferred to the Graham Corporation. She also argues that the judgment in favor of Weaver, Inc. should be reversed because it cannot be determined upon what theory the jury returned its verdict. This contention is not sustainable. It cannot be said properly that the granting of a motion for a nonsuit as to one defendant necessarily constitutes prejudicial error in the trial of the issues as to a codefendant. After granting the motion for a nonsuit the trial court instructed the jury that it should not draw any inferences from the fact that the Graham Corporation is out of the case as to whether the remaining defendant, Weaver, Inc. is or is not guilty of negligence, and it should determine that fact after it had heard all the evidence in the case and the rules of law applicable to the case as stated by the judge in his instructions. The issues as to negligence on the part of Weaver, Inc., and as to contributory negligence on the part of plaintiff, were questions of fact for the determination of the jury. Presumably the jury followed the instructions of the court and determined those issues independently and irrespective of the matter of the nonsuit.

■ Appellant also asserts that the court erred in sustaining an objection, to her argument as to the knowledge of Weaver, Inc. regarding a prior similar accident at the place involved here. A witness, called by plaintiff, had testified that he had informed Mr. Weaver regarding a similar accident at said place. Mr. Weaver testified that the first knowledge he had of the other accident was when he was served with summons and complaint regarding the other accident, and he had not had a discussion with said witness regarding the other accident. Plaintiff's counsel, in his argument to the jury, said that Mr. Weaver's testimony to the effect that he had not heard of the other accident until he was served with summons and complaint about a year after the accident was not in conformity with ordinary human experience, and that ''You know the delay was occasioned because the parties were unquestionably negotiating——.'' Thereupon, counsel objected to the argument. There was no evidence regarding negotiation. It was proper to sustain the objection to that argument.

■ Another contention of appellant is that the trial judge by his attitude and demeanor toward appellant prejudiced her case before the jury. Her argument is to the effect that the statements of the judge to plaintiff and his tone of voice, while she was testifying, indicated that he was impatient and that his opinion of plaintiff's case was not very high. It is not necessary to recite herein all the statements upon which the contention is based. The judge said in part: ''Lady, please don't keep talking. We can't get this in the record.'' This contention is not sustainable.

The judgment as to defendant Marshall D. Graham Corporation is reversed. The judgment as to defendant Harland L. Weaver, Inc. is affirmed.

Shinn, P. J., and Vallée, J., concurred.