[No. 416-2.    Division Two.    April 13, 1972.]

BERTHA GOLDING, as *Administratrix, Appellant,* v.
UNITED HOMES CORPORATION, *Respondent.*

*Frank August Peters,* for appellant.

*William J. Rush* (of *Rush & Hayes*) and *F. Ross Burgess,* for respondent.

ARMSTRONG, J.—This is an appeal from a summary judgment granted in favor of defendants.

The appeal centers upon the nature of the duty owing from a landowner to an employee of an independent contractor engaged in the performance of inherently dangerous work on the premises when the possessor, or one in charge of the premises, exercises no control or direction over the performance of the contracted work. The ultimate question is whether, resolving all factual doubts against the sum-

mary judgment, a genuine issue of fact survived the pleadings, affidavits, documentary and depositional evidence.

The record shows that the defendant, United Homes Corporation, was the owner of a tract of real estate known as Oakbrook Fifth Addition. Desirous of developing the property for residential purposes, the defendant hired John Stewart of Mackay, Moore and Stewart to design the sewage and drainage system in connection with the development of the property. The defendants hired Morris Construction, Inc., an independent contractor, to carry out the actual construction of the sewage and drainage system. Kennedy Engineers were employed by Pierce County to check the construction as it proceeded, to see that it complied with county standards, and to make certain that it would be acceptable to an integrated county sewage system. Kennedy Engineers employed two men in this regard, one of whom was Ridgley Patten.

The decedent, Donald Golding, an employee of Morris Construction, was laying pipe in one of the sewer trenches when the side of the trench caved in upon him causing his death. At the point where the accident occurred and in the area of the project, the ground was sandy, unstable and dry. There was no shoring of any kind in the trench. Safety precautionary measures thus fell below the required standards established by the Department of Labor and Industries. At the trial level and in his brief on appeal, the plaintiff pointed to various portions of the depositional evidence to show that Ridgley Patten, the engineer hired by Pierce County, had advised John Stewart, one of the designing engineers employed by defendant corporation, that the trenching operation was dangerous and that more safety precautions needed to be taken. Plaintiff claims Stewart then relayed this information to William Riley, manager of the Oakbrook project for defendant. Riley went to the excavation site but did nothing to insure that safety precautions would be taken nor advise the decedent of his peril.

In the trial court and on appeal, defendant challenged

plaintiff's interpretation of the testimony contained in the depositions. Defendant contends that the true import of the depositional evidence was that Ridgley Patten, of Kennedy Engineers, had merely inquired of the designing engineer, John Stewart, concerning the general laws of the State of Washington regarding safety requirements. Stewart then relayed Patten's inquiry to Riley who went to the work site and was told by Patten that his initial concern no longer existed, that he was impressed with the crew and that they were doing an excellent job; that there was no need to be concerned regarding safety at the job site.

Viewing all the submitted evidence in the light most favorable to the plaintiff, the trial court granted the defendant's motion for summary judgment. In his oral opinion the trial judge concluded that the defendant held the status of an independent contractor and that the contract between defendant and Morris Construction called for complete performance by the contractor without the intervening supervision or control of United Homes over anything but the final product. He concluded that there was no evidence to show that the land was in a dangerous condition prior to the commencement of the excavation and that any defect was created by the contractor and was therefore beyond the legal responsibilities of the landowner.

On appeal, plaintiff contends that the defendant, as owner of the premises upon which the accident occurred, had knowledge of the sandy, unstable condition of the soil and through its agents was apprised of the absence of proper safety precautions on the job site. He relies on section 343 of the Restatement (Second) of Torts (1965) contending that defendant, as landowner, was obligated to take affirmative steps in warning the decedent of the dangerous condition of the premises and asserts that decedent was an invitee and that defendant owed a duty to protect him against the dangerous condition.

Sections 343 and 343A,[1] Restatement (Second) of Torts

---

[1] Section 343 provides: "A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(1965) concern themselves with the special liability of possessors of land to invitees. Under section 343 a possessor of land is liable for harm caused to an invitee by a dangerous condition on the land if, but only if he (1) knows or in the exercise of reasonable care would discover the condition and appreciates that it poses an unreasonable risk of harm to invitees, and (2) should anticipate that the invitees would not discover the danger or would not protect themselves against the condition and (3) fails to exercise reasonable care to protect his invitees. Section 343A provides that the possessor of land is not liable for physical harm to his invitees caused by a dangerous condition on the land which danger is known or obvious to the invitee, unless the possessor should anticipate harm despite such knowledge or obviousness of the dangerous condition.

Accepting sections 343 and 343A as the law of Washington and their applicability to decedent as a business invitee, we then inquire as to the nature of the duty owing under sections 343 and 343A by a possessor of land, or one in charge of premises, to an invitee engaged in the performance of inherently dangerous work on the premises when the possessor exercises no control or direction over the performance of the contracted work.

■ The decedent was an employee of an independent contractor and as such enjoyed the status of an invitee.

---

"(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

"(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

"(c) fails to exercise reasonable care to protect them against the danger."

Section 343A provides: "(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

"(2) In determining whether the possessor should anticipate harm from a known or obvious danger, the fact that the invitee is entitled to make use of public land, or of the facilities of a public utility, is a factor of importance indicating that the harm should be anticipated."

Notwithstanding this fact, it has been held that section 343 is intended to impose liability on the possessor of premises only where the negligent harm to the employee of an independent contractor involves a hidden or latent defect on the premises·(1) which is known to the owner or possessor or is discoverable by the exercise of a reasonable discretion, and (2) is not known or discoverable by an invitee who is using reasonable care for his own protection. *Hartman v. Port of Seattle,* 63 Wn.2d 879, 882, 389 P.2d 669 (1964);[2] *Marsland v. Bullitt Co.,* 3 Wn. App. 286, 474 P.2d 589 (1970); *Parsons v. Amerada Hess Corp.,* 422 F.2d 610 (10th Cir. 1970). Although not specifically citing section 343, the court in *Epperly v. Seattle,* 65 Wn.2d 777, 786, 399 P.2d 591 (1965) stated:

> Although the owner is under a duty to furnish reasonable protection against hidden dangers known, or which ought to be known to him and not to the contractor or his servants, this duty extends only to latent dangers which the contractor or his servants could not reasonably have discovered and of which the owner knew or should have known. *Deaton v. Board of Trustees of Elon College,* 226 N. C. 433, 38 S. E. (2d) 561; *Wellman v. East Ohio Gas Co.,* 160 Ohio St. 103, 113 N. E. (2d) 629.

Clearly, in the instant case neither the condition of the soil nor the failure on the part of the contractor to take safety precautions can be said to constitute a hidden or latent defect in the premises. The record is void of any evidence that there was a condition which the defendant knew, or reasonably should have known, that involved an unreasonable risk to the deceased other than inherent in the work of the contractor.

In the case at bar the defendant did not supervise the activities of the independent contractor or his workman and did nothing affirmatively to increase the risk of harm inherent within the nature of the work. The premises were safe when turned over to the contractor, and knowledge

---

[2] Overruled on other grounds: *Nordstrom v. White Metal Rolling & Stamping Corp.,* 75 Wn.2d 629, 453 P.2d 619 (1969).

concerning the nature and condition of the soil upon the premises and the failure to take adequate safety precautions thereafter, was as available to the contractor and his workmen as to the defendant. In this regard the defendant had no superior knowledge or superior means of acquiring it.

As stated in *Epperly v. Seattle, supra,* the general rule is that the owner of premises owes to the servant of the independent contractor employed to perform work on his premises the duty to avoid endangering him by his own negligence or affirmative act, but owes no duty to protect him from the negligence of his own master.

Under the circumstances we hold that the defendant's duty was not breached. It had no duty arising either from the contract or from common law to inspect the contractor's facilities to protect the contractor's workmen from hazards incident to their use. We therefore conclude that no material issue of fact survived and the granting of summary judgment was proper.

Judgment affirmed.

PETRIE, C.J., and PEARSON, J., concur.