[No. 11076–4–I.   Division One.   July 12, 1983.]

GARY JARR, ET AL, *Appellants,* v. SEECO CONSTRUCTION
CO., ET AL, *Defendants,* TERRACE REALTY, INC.,
*Respondent.*

*Karr, Tuttle, Koch, Campbell, Mawer & Morrow, P.S., Charles Kimbrough, James Austin, Jr.,* and *Philip Talmadge,* for appellants.

*Malcolm S. Spence* and *Gregory Scharmach,* for respondent.

RINGOLD, J.—Plaintiffs Gary Jarr and Carol Jarr appeal the summary judgment of dismissal entered by the trial court in favor of defendant Terrace Realty, Inc. We conclude that genuine issues of material fact are presented and therefore reverse.

On March 18, 1979, Gary Jarr and his parents attended an open house at the Lion's Creek Townhouse Condominiums, which were then under construction. The Jarrs were met at the construction site by Don Hooker, an agent of the listing real estate broker, Terrace Realty, Inc. (Terrace). Hooker told them to have a look around. He did not accompany them, but remained in his automobile. While inspecting an unfinished unit, Gary Jarr pulled two or three sheets of 4– by 12–foot sheetrock from a quantity of sheetrock leaning against the wall. The pile of sheetrock moved and trapped Jarr, injuring his left leg.

Jarr brought an action for damages against Seeco Construction, Inc., the owner of the condominiums, Dan Broome d/b/a Zip Acoustic Services, the sheetrock supplier and installer, and Terrace. The trial court granted Terrace's motion for summary judgment of dismissal, with a notation in the order making it a final appealable order pursuant to CR 54(b). Jarr appeals, claiming that genuine issues of material fact preclude summary judgment and that the trial court erred in its determination that Terrace

owed him no duty of care.

## DUTY OF REALTOR TO INVITEE

A possessor of land owes a duty of reasonable care to invitees with respect to dangerous conditions on the land, including "an affirmative duty to discover dangerous conditions." *Egede–Nissen v. Crystal Mt., Inc.,* 93 Wn.2d 127, 132, 606 P.2d 1214 (1980) (citing Restatement (Second) of Torts (1965)). Section 343 reads:

Dangerous Conditions Known to or Discoverable by Possessor

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

Section 343A further delineates the liability of a possessor of land to invitees:

Known or Obvious Dangers

(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

(2) In determining whether the possessor should anticipate harm from a known or obvious danger, the fact that the invitee is entitled to make use of public land, or of the facilities of a public utility, is a factor of importance indicating that the harm should be anticipated.

The possessor's duty to an invitee is based on the expectation of the invitee that the premises have been made safe for him. Comment *b* to section 343 states:

One who holds his land open for the reception of invitees is under a greater duty in respect to its physical condition than one who permits the visit of a mere

licensee. The licensee enters with the understanding that he will take the land as the possessor himself uses it. Therefore such a licensee is entitled to expect only that he will be placed upon an equal footing with the possessor himself by an adequate disclosure of any dangerous conditions that are known to the possessor. On the other hand an invitee enters upon an implied representation or assurance that the land has been prepared and made ready and safe for his reception. He is therefore entitled to expect that the possessor will exercise reasonable care to make the land safe for his entry, or for his use for the purposes of the invitation. He is entitled to expect such care not only in the original construction of the premises, and any activities of the possessor or his employees which may affect their condition, but also in inspection to discover their actual condition and any latent defects, followed by such repair, safeguards, or warning as may be reasonably necessary for his protection under the circumstances.

As stated in § 342, the possessor owes to a licensee only the duty to exercise reasonable care to disclose to him dangerous conditions which are known to the possessor, and are likely not to be discovered by the licensee. To the invitee the possessor owes not only this duty, but also the additional duty to exercise reasonable affirmative care to see that the premises are safe for the reception of the visitor, or at least to ascertain the condition of the land, and to give such warning that the visitor may decide intelligently whether or not to accept the invitation, or may protect himself against the danger if he does accept it.

As stated in § 342, the possessor is under no duty to protect the licensee against dangers of which the licensee knows or has reason to know. On the other hand, as stated in § 343 A, there are some situations in which there is a duty to protect an invitee against even known dangers, where the possessor should anticipate harm to the invitee notwithstanding such knowledge.

■ A possessor of land is "'a person who is in occupation of the land with intent to control it". *Strong v. Seattle Stevedore Co.,* 1 Wn. App. 898, 901, 466 P.2d 545 (1970) (quoting Restatement (Second) of Torts § 328E (1965)). The possessor need not be the owner of the land, but could

be a real estate agent who meets the definition of "possessor" set out in *Strong. See, e.g., Coughlin v. Harland L. Weaver, Inc.,* 103 Cal. App. 2d 602, 230 P.2d 141 (1951) (owner's real estate agent was "possessor" of dwelling house it had contracted to sell for owner). *But see Christopher v. McGuire,* 179 Or. 116, 169 P.2d 879 (1946) (real estate broker employed to sell property is not in "possession and control" of property, unless broker was managing agent with contractual duty to owner to keep the premises in repair).

The Restatement posits liability not only for possessors of land, but also for those persons acting on behalf of the possessor with respect to harm caused by their activities:

Liability of Persons Acting on Behalf of Possessor
One who does an act or carries on an activity upon land on behalf of the possessor is subject to the same liability, and enjoys the same freedom from liability, for physical harm caused thereby to others upon and outside of the land as though he were the possessor of the land.

Restatement (Second) of Torts § 383 (1965).

A realtor showing property thus may be held liable for harm caused thereby under a theory of premises liability. With the foregoing principles in mind, we turn to the propriety of the summary judgment of dismissal granted in favor of Terrace.

### PROPRIETY OF SUMMARY JUDGMENT

■ In reviewing a trial court's decision granting a summary judgment, this court engages in the same inquiry as does the trial court. *Wilson v. Steinbach,* 98 Wn.2d 434, 656 P.2d 1030 (1982). Summary judgment is proper only where the pleadings, affidavits, depositions, and admissions on file, and the reasonable inferences to be drawn therefrom, viewed in the light most favorable to the nonmoving party, demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. CR 56(c); *Barrie v. Hosts of Am., Inc.,* 94 Wn.2d 640, 618 P.2d 96 (1980). Where there is a genuine issue of material fact, however, a trial is "absolutely neces-

sary." *Jacobsen v. State,* 89 Wn.2d 104, 108, 569 P.2d 1152 (1977).

In answer to one of Terrace's requests for admissions, Seeco stated,

> on the day of the accident Terrace Realty was in complete charge of the open house and had the responsibility to control prospective purchasers viewing the property and Terrace Realty was in control of the site and building as they related to the showing of certain units.

This allegation is sufficient to create a factual issue as to Terrace's status as a possessor of the land under sections 328E and 383 of the Restatement (Second) of Torts for purposes of liability under section 343.

It is undisputed that Jarr was a business invitee of Terrace and Seeco, and that Seeco held the property open for public inspection under the supervision of Terrace. Terrace further conceded at oral argument that it was a possessor of land for purposes of premises liability. Terrace therefore owed Jarr a duty to use reasonable care with respect to those dangerous conditions on the premises which posed an unreasonable risk of harm.

Terrace argues that even if there is a duty to use reasonable care, it extends only to protection against foreseeable harms within the control of the possessor, citing *Golding v. United Homes Corp.,* 6 Wn. App. 707, 495 P.2d 1040 (1972). In *Golding,* the employee of an independent contractor was killed when the side of a sewer trench caved in while he was laying pipe for the defendant owner of the property. The court applied sections 343 and 343A of the Restatement (Second) of Torts and affirmed a summary judgment for defendant, holding that the record showed no condition of which the defendant could have knowledge that involved a risk to the deceased in addition to those risks inherent in his work.

To the extent that the court in *Golding* may have affirmed the summary judgment by finding that the specific risk was not foreseeable, as argued by Terrace, it has been impliedly overruled by *Bernethy v. Walt Failor's, Inc.,* 97

Wn.2d 929, 653 P.2d 280 (1982). The Supreme Court there held that while the existence of a duty is a question of law based on considerations of public policy, "[o]nce this initial determination of legal duty is made, the jury's function is to decide the foreseeable range of danger thus limiting the scope of that duty." *Bernethy,* at 933.

The question of the foreseeability of the specific harm, then, is a question of fact. Given the existence of a duty, the scope of that duty under the particular circumstances of the case is for the jury. *Bernethy.* A realtor contracting with the owner of real estate to show unfinished property to prospective purchasers has a duty, where the owner of the property is absent and has not acted, to provide for the safety of invitees on the property being shown. The trier of the fact could find that it is foreseeable that a prospective purchaser could be injured while wandering unaccompanied through an active construction site.

Similarly, the obviousness of the danger, the alleged contributory negligence of Jarr, and the reasonableness of Terrace's conduct at the open house are also questions of ultimate fact for the trier of fact. *See Preston v. Duncan,* 55 Wn.2d 678, 349 P.2d 605 (1960).

The summary judgment of dismissal is reversed and the cause remanded for further proceedings.

DURHAM, A.C.J., and WILLIAMS, J., concur.