NO. 07-99-0381-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 15, 2000

______________________________

BETTY WHITE AND DAVID WHITE, APPELLANTS

V.

RICK CANUP REALTORS, INC. D/B/A COLDWELL BANKERS

RICK CANUP REALTORS AND MARGARET WILLIAMS REALTORS,

INC., D/B/A MCDOUGAL REALTORS AND MARILYN PARRAMORE, APPELLEES

_________________________________

FROM THE 137
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 98-503,552; HONORABLE CECIL G. PURYEAR, JUDGE

_______________________________

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Appellants Betty and David White challenge a take-nothing summary judgment in favor of appellees Rick Canup Realtors, Inc. d/b/a Coldwell Banker Rick Canup Realtors, Margaret Williams Realtors, Inc., d/b/a McDougal Realtors, Inc., and Marilyn Parramore (a McDougal real estate agent) [hereinafter Canup].
(footnote: 1)  In asserting their challenge, the Whites raise three points of error, claiming that 1) Canup owed a duty to the Whites, even though Canup was not their agent, 2) Canup did not inspect the property or warn them about dangerous conditions on the property, and 3) a fact question existed as to whether Betty’s injuries were proximately caused by Canup’s failure to use reasonable care.  Disagreeing that reversal is required, we affirm the judgment of the trial court.

Rule of Civil Procedure 166a(i) permits the filing of a “no-evidence” summary judgment motion where there is no evidence of one or more essential elements of a claim or defense upon which an adverse party has the burden of proof.  Tex. R. Civ. P. 166a(i) (Vernon Pamph. 2000).  Because a no-evidence summary judgment is essentially a pretrial directed verdict, we apply the same legal sufficiency standard to both.  
Roth v. FFP Operating Partners, L.P.
, 994 S.W.2d 190, 194 (Tex.App.--Amarillo 1999, writ denied).
  
That is, we must determine whether the non-movant produced any evidence of probative force to raise a fact issue on material questions.  We consider all the evidence in the light most favorable to the party against whom summary judgment was rendered, and we must do so while disregarding all contrary evidence and inferences.  
Id.  
If the non-movant presents more than a scintilla of probative evidence, summary judgment should not have been granted.  
Id
.  More than a scintilla of evidence exists when the evidence rises to a level such that reasonable and fair-minded people could differ in their conclusions.  
Id.
  Alternatively, less than a scintilla of evidence exists when the evidence does no more than create a mere suspicion of a fact.  
Kindred v. Con/Chem, Inc.
, 650 S.W.2d 61, 63 (Tex. 1983).

The elements of a common law negligence action are 1) a legal duty owed by a defendant to a plaintiff, 2) breach of that duty, and 3) damages proximately resulting from the breach. 
 Roth,
 994 S.W.2d at 195.  The determination of duty is a question of law.  
Id.
 Because the Whites complain that Canup was negligent in failing to comply with its duty of care, our initial task is to determine what duty, if any, Canup owed to the Whites. A brief recitation of the facts is thus necessary to our discussion. 

On May 24, 1995, Parramore, in the course of her employment, showed Betty White and her son a rural Idalou residence.  To gain entry, Parramore intended to access the key from a lock box on the property.  However, the lock box was not located on the front door.  As a result, Parramore walked to the back of the property to see if the lock box was there or, alternatively, if she could find a way into the house.  After waiting for several minutes, White decided to follow.  In making her way toward the back, White encountered a wooden and steel twin door gate.  The gate had no handles, no signs, no instructions as to open it, and was unsecured on one side.  White pulled one side of the gate open and, as she did so, the other side of the gate shut.  As the gate closed, White’s right ankle was caught between the gate sides.  Parramore then took White to a Lubbock hospital, where it was determined that she had a broken ankle, and torn ligaments and tendons.  

At the time of the incident, the property was owned by David Arthur Bradshaw, was listed for sale through Rick Canup Realtors, and was shown by Parramore, a McDougal  employee.   As a result of her injuries, White filed the underlying suit against all concerned which gave rise to the summary judgment being appealed.

In their first issue, the Whites argue that Canup was Bradshaw’s agent and, as such, owed White a duty to protect her from unsafe conditions on the land because she was an invitee on the property.  They reason that “[r]eal estate agents owe a duty to persons they bring onto property.”  That argument is derived from article 6573a § 15C(c) of the Revised Civil Statutes, which provides that a licensed real estate salesman or broker who is representing a party to a real estate transaction is that party’s agent.  Tex. Civ. Stat. Ann.  art. 6573a § 15C(c) (Vernon 2000).  Although the Whites do not cite any Texas authority for that position, they do cite and rely upon four out-of-state decisions which, they say, support that position. 

In 
Hopkins v. Fox & Lazo Realtors
, 625 A.2d 1110 (N.J. 1993), the New Jersey Supreme Court addressed a broker’s duty of care, specifically, whether that duty is the same as is imposed upon owners and possessors, or whether it is determined by general tort principles.  The New Jersey court held that in the context of an open house, the relationship between a real estate broker and a potential buyer is substantial.  
Hopkins
, 625 A.2d at 1117.  Based upon that holding, the court determined that “a broker is under a duty to conduct a reasonable broker’s inspection when such an inspection would comport with the customary  standards governing the responsibilities and functions of real-estate brokers with respect to open-house tours.”  
Id. 
at 1118.
  
Thus, in limiting the duty to open houses, the court required a broker to conduct a reasonable inspection when such an inspection would be undertaken by a reasonable broker attempting to sell the house, and only when the broker had a reasonable opportunity to inspect the house.  
Id. 
at
 
1120.  

In 
Coughlin v. Harland L. Weaver, Inc.
, 230 P.2d 141, 144 (Cal.App.--2nd Dist. 1951), the court recognized a realtor’s duty to take reasonable care to discover the condition of the premises, and either make them safe or warn invitees of the dangerous conditions.  The Whites rely upon this case as establishing the proposition that brokers are in possession of the property which they contract to sell or rent for the owner.  

In
 Jarr v. Seeco Construction Co.
, 666 P.2d 392, 393-94 (Wash.App.--Division 1 1983), the court held that “[a] possessor of land owes a duty of reasonable care for invitees with respect to dangerous conditions on the land, including ‘an affirmative duty to discover dangerous conditions.’” Finally, in 
Turner v. Carneal
, 150 S.E. 72, 74 (Va. 1931), the appellate court held that the trial court’s jury charge which stated a realtor is liable for injuries to prospective purchasers or tenants if that realtor is negligent while visiting the property was correct.

Under the applicable standard of review, we must determine if the Whites presented more than a scintilla of probative evidence sufficient to raise a material fact question on the issue of duty.  
Roth,
 994 S.W.2d at 195.  Although out-of-state authority might be persuasive, this court is only bound by decisions of our court of last resort.  As long ago as 1938, in  
Gropotte v. Adams
, 111 S.W.2d 690, 691 (Tex. 1938), our supreme court held that a defendant’s duty to protect a plaintiff from premises defects arises only from his control or ownership of those premises, and the duty does not extend beyond those limits.  
See also LaFleur v. Astrodome-Astrohall Stadium Corporation
, 751 S.W.2d 563, 565 (Tex.App.--Houston [1
st
 Dist.] 1988, no writ).  

As Canup correctly notes, the existence of a duty is a threshold inquiry in any negligence case.  
Isbell v. Ryan, 
983 S.W.2d 335, 339 (Tex.App.--Houston [14
th
 Dist.] 1998, no writ).  While an owner or occupier of land owes a duty to invitees to exercise ordinary care to protect them from risks of which the owner is aware or should be aware after reasonable inspection, 
Motel 6 G.P., Inc. v. Lopez
, 929 S.W.2d 1, 3 (Tex. 1996), the duty only arises for an “occupier” who has control of the premises.  
Gunn v. Harris Methodist Affiliated Hospitals,
 887 S.W.2d 248, 251 (Tex.App.--Fort Worth 1994, writ denied).  A party controls a premises if he is a “possessor” and:  (a) is in occupation of the land with intent to control it, (b) has been in occupation of the land with intent to control it, if no other person has subsequently occupied it with intent to control it, or (c) is entitled to immediate occupation of the land, if no other person is in possession under clauses a and b.  
Gunn, 
887 S.W.2d at 251 (quoting
 
Restatement (Second) of Torts, § 328E).  Canup argues that it did not exercise the requisite “control” over the property, and posits that “the duty owed by a landowner/occupier to invitees simply does not transfer through a chain of real estate agents.”

In 
Kubinsky v. Van Zandt Realtors
, 811 S.W.2d 711 (Tex.App.--Fort Worth 1991, writ denied), the court addressed an issue concerning a realtor’s liability to prospective buyers.  In that case, the appellants bought a house which they later discovered had foundation problems.  Before the purchase, the appellants’ inspector noted there was “[e]vidence of minor [foundation] movement noted on East Side of House.  No major movement noted at this time.”  Later, the appellants found out that the previous owners had done extensive foundation work on the house about three months before they sold it.  In their suit, the appellants sought to hold the listing realtors responsible, which presented a question for the court as to whether a listing agent has a legal duty to inspect the listed property for defects, aside from merely asking the sellers if defects exist.  Declining to follow California authority cited by the appellants, the Fort Worth court held that a real estate agent has no duty to inspect property in order to discover defects.  
Id. 
at 715. 

Considering the above authority, we hold the trial court did not err in concluding the Whites failed to establish that Canup owed them a duty.  The Whites’ first issue is overruled.

Because resolution of this issue is dispositive of the appeal, a discussion of the Whites’ remaining two issues is unnecessary.  Accordingly, the judgment of the trial court is affirmed.

John T. Boyd

 Chief Justice

Do not publish.

FOOTNOTES
1:
For the sake of simplicity, we will refer to appellees generically.  Under our analysis, the difference between the two parties is one without a distinction.