[No. 34975. Department One. January 21, 1960.]

THOMAS ENERSEN, *by his Guardian ad Litem, Carl A. Enersen, Appellant,* v. S. L. ANDERSON *et al., Respondents.*[1]

[1]Reported in 348 P. (2d) 401.

*Roy E. Jackson, Thor P. Ulvestad,* and *Daniel G. Goodwin,* for appellant.

*Brethorst, Fowler, Bateman, Reed & McClure* (*Roy J. Moceri,* of counsel), for respondent.

HUNTER, J.—This is an appeal from a judgment dismissing an action for personal injuries, brought by Carl A. Enersen as guardian *ad litem* for his minor son, Thomas Enersen.

Thomas Enersen, hereinafter referred to as plaintiff or appellant, was a registered member of a sea scout unit which operated a vessel called the Yankee Clipper. On June 28, 1957, the vessel was engaged in taking a local church group on a cruise. Plaintiff was aboard as a member of the sea scout crew necessary to aid in handling the boat.

As the vessel returned to its mooring the plaintiff was standing in the bow and when it reached a point approximately parallel to the dock he jumped, intending to secure the bowline. He landed on a plank which broke under his weight, causing the injuries for which this action was commenced.

The Yankee Clipper had been moored at defendants' marine yard for approximately ten years; during this time the moorage rental had been paid by the West Seattle Lions Club. Defendant S. L. Anderson, called as an adverse witness, testified that he rented a total of eighty-one feet of moorage space to the Lions Club, fifty-four feet for the Yankee Clipper and twenty-seven feet for a smaller boat; that the Yankee Clipper had been assigned to the moorage at the place where the injury occurred; and that he knew the moorage was for the sea scouts, and had given a reduction in the rental fee because he knew this.

At the close of plaintiff's case the defense interposed a motion challenging the sufficiency of the evidence, on the

theory that the plaintiff was a licensee rather than an invitee and for that reason it was necessary to show willful or wanton conduct by the defendants, which plaintiff had failed to do. The trial court granted the motion finding the plaintiff was a licensee as a matter of law, and that there was no evidence of willful or wanton misconduct to submit to the jury. The trial court then entered judgment dismissing plaintiff's complaint with prejudice. Plaintiff interposed a motion for a new trial which was denied.

Appellant assigns error to the trial court's holding that (1) Thomas Enersen was a licensee and not an invitee, and (2) in denying appellant's motion for a new trial.

In *Dotson v. Haddock*, 46 Wn. (2d) 52, 278 P. (2d) 338 (1955), we defined licensee as one who goes upon the premises of another, either without any invitation, express or implied, or else for some purpose not connected with the business conducted on the land, but goes nevertheless with the permission or at the toleration of the owner.

We defined invitee in *Dotson v. Haddock* as one who is either expressly or impliedly invited onto the premises of another for some purpose connected with the business in which the owner or occupant is then engaged, or which he permits to be conducted thereon. To establish such relationship, there must be some real or supposed mutuality of interest in the subject to which the visitor's business or purpose relates. See, also, *Deffland v. Spokane Portland Cement Co.*, 26 Wn. (2d) 891, 176 P. (2d) 311 (1947); *Kalinowski v. Y.W.C.A.*, 17 Wn. (2d) 380, 135 P. (2d) 852 (1943); *Schock v. Ringling Bros. and Barnum & Bailey Combined Shows*, 5 Wn. (2d) 599, 105 P. (2d) 838 (1940).

In the instant case the respondents had been accepting payment from the West Seattle Lions Club for approximately ten years, for moorage space which they knew was rented for use by the sea scouts to moor the Yankee Clipper. Respondents could not have rented moorage space for a boat, which they knew was exclusively operated by a sea scout unit without, at least, impliedly inviting the members of that unit onto the premises. Appellant's purpose was

clearly one connected with the business in which respondents were engaged, that of renting moorage facilities.

Moreover, there was a real mutuality of interest in the subject to which appellant's purpose related since he was interested, as a sea scout crew member, in mooring the vessel and the respondents were interested in having the vessel moored at their facilities. We are satisfied the relationship of the appellant with the respondents was such, at the time of his injury, to bring him within the definition of an invitee.

The respondents argue, however, that even if this court ruled that the appellant is a business invitee the judgment should be affirmed as there is no evidence of negligence on the part of the respondents.

■ We disagree. The respondents had a duty to use ordinary care in keeping their premises reasonably safe for use by buisness invitees. *Dotson v. Haddock, supra; Kalinowski v. Y. W. C. A., supra; Alaska Pac. Steamship Co. v. Sperry Flour Co.,* 107 Wash. 545, 182 Pac. 634; 185 Pac. 583 (1919). Installation of decking by respondent Anderson which, in the exercise of reasonable care, he should have known was defective and unsafe would constitute a breach of duty to the appellant invitee. From our examination of the record, we are satisfied that there is sufficient evidence to raise a jury question on this factual issue. With this disposition of the case other contentions raised need not be considered.

The trial court erred in finding the appellant was a licensee, and not an invitee; and in failing to grant appellant's motion for a new trial.

The judgment is reversed and the case is remanded for a new trial.

It is so ordered.

WEAVER, C. J., MALLERY, DONWORTH, and OTT, JJ., concur.