[No. 11238-1-III.   Division Three.   December 24, 1991.]

JAN DIBLASI SCHAEFFER, *Appellant*, v. JIM WOODHEAD, ET AL, *Respondents*.

628

*Ray R. Whitlow* and *Hames, Anderson & Whitlow,* for appellant.

*George B. Fearing* and *Leavy, Schultz & Sweeney P.S.,* for respondents.

THOMPSON, J. — Jan DiBlasi Schaeffer appeals the summary dismissal of her action against Jim and Jane Doe Woodhead, d/b/a Napa Auto Farm & Industrial, for injuries she incurred when she slipped and fell on accumulated snow and ice in the NAPA parking lot on December 31, 1985. We affirm.

Mrs. Schaeffer was an employee of Roush Services Company at the time of the accident. In the course of her employment, she went to the NAPA store in Pasco to pick up a part. The weather was cold and brisk with no precipitation; there was a considerable amount of compact snow and ice on the roadways as well as in the gravel parking lot in front of the store. Mrs. Schaeffer parked her employer's vehicle in the parking lot in front of the store, and went into the store to transact her business. When she returned to her vehicle, she slipped and fell in the parking lot, injuring her back. The snow and ice had not been cleared off the parking lot, nor did Mrs. Schaeffer notice any sand or salt

on the lot. However, the sidewalk in front of the store had been cleared.

Mrs. Schaeffer brought this action for negligence against the Woodheads in December 1987. The Woodheads answered, then moved for summary judgment. In an affidavit in support of their motion for summary judgment, Hazel Woodhead states:

> Because the parking lot is of gravel we do not attempt to plow or remove snow and/or ice when it accumulates in the parking lot. The condition of the snow in the parking lot was not altered by anyone connected with our business at any time around the date of the alleged fall. The condition of the snow in the parking lot was as a result of the inclement weather which was present that winter.

The court granted the Woodheads' motion for summary judgment.

Mrs. Schaeffer urges this court to hold possessors of premises may be liable if they fail to exercise reasonable care to protect their business invitees from injuries caused by natural conditions, such as accumulated snow and ice. However, Washington follows the traditional rule which denies shopkeeper liability in such situations, based upon the fact the danger is obvious and the occupier of the premises can expect an invitee to discover it and protect himself. *Nadeau v. Roeder*, 139 Wash. 648, 247 P. 951 (1926); *Ainey v. Rialto Amusement Co.*, 135 Wash. 56, 236 P. 801, 41 A.L.R. 263 (1925); *Gardner v. Kendrick*, 7 Wn. App. 852, 503 P.2d 134 (1972), *review denied*, 81 Wn.2d 1009 (1973). *See also* 62A Am. Jur. 2d *Premises Liability* § 699, at 268-69 (1990).

As stated by the court in *Ainey*, at 57:

> The rule generally laid down by the authorities is that an owner or the occupant of a building is under no legal obligation to remove the ice and snow from the sidewalk in front of his premises, which have been deposited there by the elements, or to lessen the risk of injury by placing ashes or other like material thereon; and this doctrine applies not only to persons passing on the sidewalk, but also to persons visiting the store on business or for other purposes.

Courts in other jurisdictions have continued to apply the natural accumulations rule in more recent decisions. *See, e.g., Speaks v. Rouse Co.*, 172 Ga. App. 9, 321 S.E.2d 774 (1984); *Shoemaker v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 187 Ill. App. 3d 1040, 543 N.E.2d 1014 (1989); *Chadwick v. Barba Lou, Inc.*, 69 Ohio St. 2d 222, 431 N.E.2d 660 (1982).

■ Under the holding in *Ainey*, the Woodheads are not liable to Mrs. Schaeffer for injuries she incurred when she slipped and fell on a natural accumulation of snow and ice in the parking lot of their store. Any change in Washington law must come from our Supreme Court. *See Hamilton v. Department of Labor & Indus.*, 111 Wn.2d 569, 571, 761 P.2d 618 (1988); *State v. Gore*, 101 Wn.2d 481, 487, 681 P.2d 227, 39 A.L.R.4th 975 (1984).

We therefore affirm the summary dismissal of Mrs. Schaeffer's action.

SHIELDS, C.J., and MITCHELL, J. Pro Tem., concur.