[No. 27388-4-I.   Division One.   August 10, 1992.]

PETER M. FORD, ET AL, *Appellants,* v. RED LION INNS, *Respondent.*

*Gordon Tobin,* for appellants.

*Michael Goldfarb* and *Rohan, Goldfarb & Shapiro,* for respondent.

GROSSE, C.J. — Peter M. Ford and Annette E. Ford appeal the dismissal on summary judgment of their negligence claim against Red Lion Inns, operating L.P., a Delaware limited partnership, d.b.a. Red Lion/Bellevue Center (Red Lion) stemming from Peter Ford's fall on an icy portion of Red Lion's parking lot in Bellevue, Washington. We affirm.

Ford was employed as a temporary employee by a film production company (Northwest). The morning of March 3, 1989, he had worked at a production site in Everett, Washington. At approximately 11 p.m., after work at the Everett site was complete, Ford drove to the Red Lion in Bellevue.

The Red Lion rented approximately 30 motel rooms to Ford's employer and specifically contracted with Ford's employer to provide it a designated area for its vehicles in the parking lot.

When Ford arrived at the parking area, he parked the production vehicle in the portion of the lot that Northwest had cordoned off for its own use. He then walked to his own van which was parked in the reserved area and, because it was cold out, started the engine to warm the vehicle. As he did so, he noticed that portions of the parking lot's surface were covered with ice, some with snow, and that others were bare and wet.

While waiting for his vehicle to become warm, Ford cleared the windshield of ice and snow, and did the same to two other vehicles belonging to fellow employees. He then saw that his supervisor had arrived at Northwest's parking area. Ford took his presence to mean that his employer's trucks would be arriving momentarily. He told his supervisor he would help him remove the barricades in the lot, and began to walk toward him. As Ford did so he slipped and fell, sustaining personal injuries.

At some point prior to his fall, the record discloses that Ford was told by his supervisor: "Just go on home; you can pack up and go; I've got plenty of help, so you can just go ahead and go."

Ford brought an action against Red Lion claiming that its parking lot had not been maintained in a reasonably safe condition. The trial court granted Red Lion's motion for summary judgment dismissing Ford's claims and subsequently denied Ford's motion to reconsider.

Ford maintains that the trial court erred because material questions of fact exist concerning the scope of Red Lion's duty and Ford's contributory negligence, or assumption of risk, if any. Red Lion contends that it has long been the law in this jurisdiction that the proprietor of a premises owes no duty to protect invitees from obvious dangers, and that summary judgment was proper in light of the fact that

the icy condition of the lot was known to Ford. We agree, but reject as overly simplistic Red Lion's characterization of the state of the law in Washington.

In reviewing the trial court's grant of a motion for summary judgment we engage in the same inquiry as was required of that court. *Rhea v. Grandview Sch. Dist. JT 116-200*, 39 Wn. App. 557, 559, 694 P.2d 666 (1985). A motion for summary judgment is proper where no genuine issue of material fact exists, or, in construing the evidence in favor of the nonmoving party, reasonable minds could reach but one result. *Sea-Pac Co. v. United Food & Comm'l Workers Local Union 44*, 103 Wn.2d 800, 802, 699 P.2d 217 (1985).

A cause of action for negligence requires the plaintiff to establish (1) the existence of a duty owed; (2) breach; (3) injury; and (4) proximate cause between the breach and the injury. *Swanson v. McKain*, 59 Wn. App. 303, 307, 796 P.2d 1291 (1990) (citing *Pedroza v. Bryant*, 101 Wn.2d 226, 228, 677 P.2d 166 (1984)), *review denied*, 116 Wn.2d 1007 (1991). As a threshold matter, whether the defendant owes a duty to the complainant is a question of law. *Swanson*, 59 Wn. App. at 307 (citing *Pedroza*, 101 Wn.2d at 228).

The common law classifications of persons entering upon real property determines the scope of the duty of care owed by the owner or occupier of that property. *Younce v. Ferguson*, 106 Wn.2d 658, 666-67, 724 P.2d 991 (1986). Where the facts attending a complainant's entry upon property are uncontested, as is the case here, the legal status of the entrant as invitee, licensee, or trespasser is a question of law. *Swanson*, 59 Wn. App. at 307.

Ford contends, and Red Lion does not dispute, that he was an invitee. We agree. Washington applies an "economic benefit" test to distinguish between invitees and other entrants upon land. *McKinnon v. Washington Fed. Sav. & Loan Ass'n*, 68 Wn.2d 644, 648-49, 414 P.2d 773 (1966). To qualify as a business visitor, an individual must enter the premises for a purpose connected with the business in which the owner or occupant is engaged. *McKinnon*, 68 Wn.2d at 649.

[T]he significant factor which establishes an entrant upon real property as a business visitor, for purposes of qualifying that person as an invitee, is whether the entrant was invited to enter or remain on the property for a purpose directly or indirectly *connected with business dealings of the owner or occupant.*

*Swanson,* 59 Wn. App. at 308-09. Ford is an invitee for the purpose of determining the duty Red Lion owed him because he was injured while acting in his capacity as employee of a company that leased rooms and parking stalls from Red Lion — an activity integral to Red Lion's business and inuring directly to its benefit.

■ A possessor of land owes a duty of reasonable care to invitees with respect to dangerous conditions on the land. *Jarr v. Seeco Constr. Co.,* 35 Wn. App. 324, 326, 666 P.2d 392 (1983) (citing *Egede-Nissen v. Crystal Mt., Inc.,* 93 Wn.2d 127, 132, 606 P.2d 1214 (1980) (citing Restatement (Second) of Torts § 343 (1965))).

Restatement (Second) of Torts § 343 (1965) provides:

Dangerous Conditions Known to or Discoverable by Possessor
A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
    (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
    (b) *should expect that they* will not discover or realize the danger, or *will fail to protect themselves against it,* and
    (c) fails to exercise reasonable care to protect them against the danger.

(Italics ours.) *Cited with approval in Jarr,* 35 Wn. App. at 326; *see also Wiltse v. Albertson's Inc.,* 116 Wn.2d 452, 457, 805 P.2d 793 (1991).

The fact that a danger is generally known to the claimant does not necessarily insulate the possessor from liability. As to known or obvious dangers, § 343A(1) of the Restatement provides:

A *possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land*

whose danger is known or obvious to them, *unless the possessor should anticipate the harm despite such knowledge or obviousness.*

(Italics ours.) *Cited with approval in Jarr*, 35 Wn. App. at 326; *see also Lettengarver v. Port of Edmonds*, 40 Wn. App. 577, 581, 699 P.2d 793 (1985). Thus, as we explicitly recognized in *Jarr*:

> [T]here are some situations in which there is a duty to protect an invitee *against even known dangers,* where the possessor *should anticipate harm to the invitee notwithstanding such knowledge.*

(Italics ours.) *Jarr*, 35 Wn. App. at 327 (quoting Restatement (Second) of Torts § 343, comment *b* (1965)). In that case we explained the rationale underlying our recognition of that duty: "The possessor's duty to an invitee is based on the expectation of the invitee that the premises have been made safe for him." *Jarr*, 35 Wn. App. at 326. This notion is further amplified in Restatement (Second) of Torts § 343, comment *b*:

> One who holds his land open for the reception of invitees is under a greater duty in respect to its physical condition than one who permits the visit of a mere licensee. The licensee enters with the understanding that he will take the land as the possessor himself uses it. Therefore such a licensee is entitled to expect only that he will be placed upon an equal footing with the possessor himself by an adequate disclosure of any dangerous conditions that are known to the possessor. *On the other hand an invitee enters upon an implied representation or assurance that the land has been prepared and made ready and safe for his reception. He is therefore entitled to expect that the possessor will exercise reasonable care to make the land safe for his entry, or for his use for the purposes of the invitation.*

(Italics ours.) *Cited with approval in Jarr*, 35 Wn. App. at 326-27.

We note and specifically decline to follow the recent case of *Schaeffer v. Woodhead*, 63 Wn. App. 627, 821 P.2d 75 (1991), which articulates a blanket rule that a possessor of land owes no duty to invitees with respect to obvious dangers

created by ice and snow.[1] *Schaeffer's* analysis is faulty insofar as it relies on cases denying recovery against a business owner for a fall on a sidewalk abutting a business — cases premised on the notion that maintaining the sidewalk was the duty of the municipality, not of the abutting property owner. *See Sorenson v. Keith Uddenberg, Inc.*, 65 Wn. App. 474, 479 n.4, 828 P.2d 650 (1992) (citing *Ainey v. Rialto Amusement Co.*, 135 Wash. 56, 236 P. 801, 41 A.L.R. 263 (1925) and *Gardner v. Kendrick*, 7 Wn. App. 852, 503 P.2d 134 (1972), *review denied*, 81 Wn.2d 1009 (1973)). That rationale is inapposite here.

*Schaeffer's* adherence to the "natural accumulations rule", *see Schaeffer*, 63 Wn. App. at 630, is also problematic because our Supreme Court has expressly disapproved sanctioning the development of different liability rules for harms arising from deposits of ice and snow, preferring a more meaningful negligence standard that takes into account the relevant circumstances:

> To draw such a distinction . . . [is] "* * * to create in the law another of those strange anomalies which, once created, live on to haunt successive legal generations."
> (Citation omitted.) *Fuller v. Housing Authority*, 108 R.I. 770, 773-74, 279 A.2d 438, 49 A.L.R.3d 382 (1971).

*Geise v. Lee*, 84 Wn.2d 866, 870, 529 P.2d 1054 (1975) (rejecting the "natural accumulations" rule insulating landlords for harms arising from the presence of snow or ice on the premises, and adopting instead a negligence standard imposing a duty to keep common areas reasonably safe).

It is undisputed that Ford was an invitee of Red Lion and that Red Lion held the parking area upon which Ford fell for the parking use of Ford's employer. Red Lion therefore owed Ford a duty to use reasonable care with respect to those conditions on the premises which posed an unreasonable risk of harm. *See Jarr*, 35 Wn. App. at 329. The question then becomes one of whether the record posits a question of material fact as to Red Lion's exercise of reasonable

---

[1] We have questioned that holding. *See Sorenson v. Keith Uddenberg, Inc.*, 65 Wn. App. 474, 828 P.2d 650 (1992).

care, or the existence of an unreasonable risk. We do not believe that it does.

Ford had the obligation in responding to the motion for summary judgment to present evidence to support his claim. *Young v. Key Pharmaceuticals, Inc.*, 112 Wn.2d 216, 770 P.2d 182 (1989). He did not do so, but relied only on the fact of accumulated ice and snow. That is not enough in this case, particularly given Ford's avowed knowledge of the condition of the parking lot, and his decision to encounter the risk rather than leave for the day as his supervisor suggested. There is no evidence that Red Lion's actions with regard to the parking lot, or lack thereof, posed an unreasonable risk to Ford.

The trial court is affirmed.

BAKER and AGID, JJ., concur.

Review denied at 120 Wn.2d 1029 (1993).