75 Wn. App. 445 (1994)
880 P.2d 61
JULI L. LEONARD, Appellant,
v.
PAY'N SAVE DRUG STORES, INCORPORATED, Respondent.
No. 16185-1-II.
The Court of Appeals of Washington, Division Two.
August 15, 1994.
Stephen C. Moriarty and Platt Irwin Taylor Colley & Oliver, for appellant.
*446 Sharon J. Bitcon, John P. Mele, and Ryan, Swanson & Cleveland (Michael Cartelli, of counsel), for respondent.
MORGAN, C.J.
Juli L. Leonard appeals a summary judgment in favor of Pay'n Save Drug Stores, Incorporated. We reverse and remand for trial.
Pay'n Save operates a retail store in Port Angeles, Washington. A sidewalk abutting the store is privately owned, and not maintained by any municipality. The sidewalk runs between the store and its parking lot.
On February 1 and 2, 1989, a winter storm deposited snow on the sidewalk. Over the next several days, the snow became hard and icy. Pay'n Save took no action to remove it or alter its condition.
On February 6, 1989, 16-year-old Juli Leonard and her mother went to the store to shop. According to Leonard, the only way in and out of the store was across the ice-covered sidewalk. They entered the store without incident, but on their way out, Leonard slipped and fell. She was injured as a result.
On January 30, 1992, Leonard filed suit, alleging that Pay'n Save had failed to exercise reasonable care with regard to the snow and ice. Pay'n Save moved for summary judgment, contending that a shopkeeper is not liable to a customer who slips and falls on naturally accumulated snow and ice. The trial court granted the motion and dismissed the complaint.
We consider two questions on appeal. The first is whether Pay'n Save owed Leonard a duty of reasonable care. The second is whether the record supports a reasonable inference that such duty was breached.

I
[1, 2] The rules for when a possessor of land is liable to a business invitee for injuries caused by a condition on the land are stated in the Restatement (Second) of Torts § 343 and § 343A (1965). Tincani v. Inland Empire Zoological Soc'y, 124 Wn.2d 121, 138-39, 875 P.2d 621 (1994); Maynard *447 v. Sisters of Providence, 72 Wn. App. 878, 881-82, 866 P.2d 1272 (1994); Ford v. Red Lion Inns, 67 Wn. App. 766, 770-71, 840 P.2d 198 (1992), review denied, 120 Wn.2d 1029 (1993). Restatement § 343 provides:
A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
(c) fails to exercise reasonable care to protect them against the danger.
Restatement § 343A(1) provides:
(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

(Italics ours.) Taken at face value, these rules would seem to indicate that when a store is open for business, so that customers will be coming and going on or across the sidewalk outside, its owner or operator owes to such customers a duty of reasonable care to remove, or otherwise make reasonably safe, accumulations of snow and ice on the sidewalk.
An exception appears to exist, however, when snow and ice has naturally accumulated on the sidewalk outside a place of business, and the sidewalk is owned by a municipality. Thus, in Ainey v. Rialto Amusement Co., 135 Wash. 56, 236 P. 801, 41 A.L.R. 263 (1925), 6 inches of snow fell in Tacoma, and the defendant landowner, a theater, did not remove or otherwise alter its condition. By the next morning, when the plaintiff attended the theater, the snow in the alley outside had "become more or less icy or slippery". 135 Wash. at 57. As the plaintiff left the theater and stepped into the alley, he slipped on the accumulated snow and ice, and was injured as a result. He sued the theater for negligence, but the Supreme Court ruled that his case was insufficient as a matter of law. It said:

*448 The rule generally laid down by the authorities is that an owner or the occupant of a building is under no legal obligation to remove the ice and snow from the sidewalk in front of his premises, which have been deposited there by the elements, or to lessen the risk of injury by placing ashes or other like material thereon; and this doctrine applies not only to persons passing on the sidewalk, but also to persons visiting the store on business or for other purposes. The basis of the rule is that it is the duty of the municipality and not of the abutting property owner to keep the streets and sidewalks in a reasonably safe condition for travel.
Ainey, 135 Wash. at 57-58.
This exception does not extend to natural accumulations of snow and ice on a sidewalk privately owned by a landlord, where the sidewalk is a common area traversed by tenants and the injured party is a tenant. Thus, in Geise v. Lee, 84 Wn.2d 866, 529 P.2d 1054 (1975), the plaintiff was a tenant in a mobile home park. Between January 23 and January 26,
approximately 12 to 14 inches of snow fell and accumulated in the driveways. During the following week, melting and freezing conditions combined with passing cars, caused ridges of ice, 4 to 6 inches in height, to form throughout the common areas creating a hazardous condition for any tenant who ventured into these expanses.
84 Wn.2d at 867. "In spite of these adverse conditions, no attempt was ever made to clear the common areas for the benefit of the tenants, a large percentage of whom were retired individuals." 84 Wn.2d at 868. On February 1, the plaintiff slipped while traversing the ice. She sued the mobile home park for negligence, and the Supreme Court ruled, without mentioning Ainey, that her case was sufficient to go to the jury. It said:
The general rule in the United States is that where an owner divides his premises and rents certain parts to various tenants, while reserving other parts such as entrances and walkways for the common use of all tenants, it is his duty to exercise reasonable care and maintain these common areas in a safe condition. See Landlord's liability to tenant or tenant's invitees for injury or death due to ice or snow in areas or passageways used in common by tenants, Annot., 49 A.L.R.3d 387, 393 (1973). The dispute in the instant case arises due to a *449 distinct division between courts from various jurisdictions in regard to the removal of natural accumulations of snow and ice. The older view, referred to as the Massachusetts rule, stems from the case of Woods v. Naumkeag Steam Cotton Co., 134 Mass. 357, 45 Am. Rep. 344 (1883). This decision articulated an exception to the general rule stated above by holding that a landlord was under no duty to the tenants to remove snow and ice from common passageways, unless he had undertaken this duty in the past. Their decision was premised on the belief that to hold otherwise would place too great a burden on the landlord. In 1910, this state adopted the Massachusetts rule in Oerter v. Ziegler, 59 Wash. 421, 109 P. 1058 (1910), and subsequently reaffirmed it in Schedler v. Wagner, 37 Wn.2d 612, 225 P.2d 213, 230 P.2d 600, 26 A.L.R.2d 604 (1950). The defendants, in the instant case, argue that these decisions are still controlling. The plaintiff contends that the better view is that enunciated in Reardon v. Shimelman, 102 Conn. 383, 128 A. 705, 39 A.L.R. 287 (1925), commonly referred to as the Connecticut rule. We agree with the plaintiff. The court there said on page 388:
The duty of the landlord being to exercise reasonable care to prevent the occurrence of defective or dangerous conditions in the common approaches, the fact that a particular danger arose from the fall of snow or the freezing of ice can afford no ground of distinction. Indeed, the causes which are at work to produce it are no more natural causes than are those which, more slowly, bring about the decay of wood or the rusting of iron. To set apart this particular source of danger is to create a distinction without a sound difference.
This approach has rapidly replaced the Massachusetts rule and is representative of the modern trend which has been adopted by a majority of jurisdictions....
84 Wn.2d at 868-69.
Giese is cited in W. Page Keeton et al., Prosser and Keeton on Torts (5th ed. 1984) as standing for the proposition that Washington follows the usual Restatement rules with regard to natural accumulations of snow and ice on private property. That text states:
[I]n the usual case, there is no obligation to protect the invitee against dangers which are known to him, or which are so obvious and apparent that he may reasonably be expected to discover them.... But this is certainly not a fixed rule, and all of the circumstances must be taken into account. In any case where the occupier as a reasonable person should anticipate an unreasonable risk of harm to the invitee notwithstanding his knowledge, warning, or the obvious nature of the condition, *450 something more in the way of precautions may be required.... In some jurisdictions, [this is true] where the condition is one, such as icy steps, which cannot be negotiated with reasonable safety even though the invitee is fully aware of it, when, because the premises are held open to him for his use, it is to be expected that he will nevertheless proceed to encounter it. [Citing Geise v. Lee, supra, and other cases.] The jury in such cases may be permitted to find that obviousness, warning or even knowledge is not enough.
(Footnotes omitted.) Prosser and Keeton on Torts § 61, at 427-28; see also Joseph A. Page, Premises Liability § 4.6, at 84 (2d ed. 1988) ("[s]everal jurisdictions still follow the `natural accumulation' rule ...[;] [o]ther jurisdictions have rejected this rule in favor of imposing a duty of reasonable care" (footnote omitted)); 4 Stuart M. Speiser et al., American Law of Torts § 14.60, at 48-54 (1987) (trend is toward Restatement rules); 62A Am.Jur.2d Premises Liability § 701, at 270 (1990) (same).
Division One has read Geise in the same way as Prosser. Maynard, 72 Wn. App. at 882; Ford, 67 Wn. App. at 771-72. It said in Maynard:
In [Ford] this court held that the Restatement's rules as to a landowner's duty to an invitee applied to the icy parking lot of a motel and rejected the reasoning of Schaeffer v. Woodhead, 63 Wn. App. 627, 821 P.2d 75 (1991), whose court applied the "natural accumulations" rule. We agree and hold that a fall on snow or ice is analyzed under the general rules of a landowner's duty to invitees.
(Footnote omitted.) Maynard, 72 Wn. App. at 882. The court went on in an accompanying footnote:

Schaeffer does not discuss the Restatement (Second) of Torts and does not discuss Geise v. Lee ... which, although addressing the issue in the landlord-tenant context, rejected the natural accumulations rule and adopted a traditional negligence analysis.
Maynard, 72 Wn. App. at 882 n. 4.
Division Three, on the other hand, has disagreed. Schaeffer v. Woodhead, 63 Wn. App. 627, 821 P.2d 75 (1991).[1] Like *451 Division One, however, we find Division Three's analysis unpersuasive.
Concluding our discussion of duty, we hold that the Restatement rules apply, and that Pay'n Save owed a duty of reasonable care to Leonard. Thus, we turn to whether that duty was breached.

II
[3] Even when a possessor of land owes a duty of reasonable care, the case cannot go to the jury unless the record supports a reasonable inference that its duty was breached. Necessarily, whether the record supports such an inference is judged on a case by case basis.
Two cases illustrate. In Ford, the plaintiff "noticed that portions of the [motel] parking lot's surface were covered with ice, some with snow, and that others were bare and wet." 67 Wn. App. at 768. Apparently electing to walk across the icy portions as opposed to the bare portions, the plaintiff fell and was injured. Division One found no reasonable inference that the motel had failed to use reasonable care.
In Maynard, however, snow and ice had covered the ground for 4 days; the defendant hospital had sanded the parking lots used by doctors and staff, but not the lot used by visitors, and the treacherousness of conditions in the visitors' lot was manifest by the time plaintiff was using the lot and fell. In contrast with Ford, Division One found a reasonable inference that the defendant hospital had failed to use reasonable care.
Our case falls on Maynard's side of the line. Snow had been on the ground for 4 or 5 days, and it had become hard *452 and icy. The store was open for business, and the sidewalk outside was regularly used by the store's customers, some carrying packages in their arms. The sidewalk was a relatively small area, as compared to the parking lots in Ford and Maynard, and thus easier to maintain in a safe condition. Based on these facts, we conclude that a jury could reasonably infer that Pay'n Save failed to exercise reasonable care, and that the trial court erred in granting summary judgment.
Reversed and remanded for trial.
ALEXANDER and SEINFELD, JJ., concur.
NOTES
[1] In Schaeffer, the patron of an auto parts store slipped and fell on accumulated snow and ice in its parking lot, injuring her back. Apparently, the snow and ice had been present for some time. Division Three stated:

"Mrs. Schaeffer urges this court to hold possessors of premises may be liable if they fail to exercise reasonable care to protect their business invitees from injuries caused by natural conditions, such as accumulated snow and ice. However, Washington follows the traditional rule which denies shopkeeper liability in such situations, based upon the fact the danger is obvious and the occupier of the premises can expect an invitee to discover it and protect himself. Nadeau v. Roeder, 139 Wash. 648, 247 P. 951 (1926); Ainey v. Rialto Amusement Co., 135 Wash. 56, 236 P. 801, 41 A.L.R. 263 (1925); Gardner v. Kendrick, 7 Wn. App. 852, 503 P.2d 134 (1972), review denied, 81 Wn.2d 1009 (1973). See also 62A Am.Jur.2d Premises Liability § 699, at 268-69 (1990)." 63 Wn. App. at 629.