

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMERICAN ECONOMY INSURANCE COMPANY, a foreign corporation and TOTEM BOWL AND INVESTMENT, INC., a Washington corporation, | No. 12-35518 |
| | D.C. No. 2:11-cv-01070-MJP |
| Plaintiffs - Appellants, | MEMORANDUM[*] |
| v. | |
| ZURICH AMERICAN INSURANCE COMPANY, a foreign corporation, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, Chief District Judge, Presiding

Argued and Submitted July 11, 2013
Seattle, Washington

Before: M. SMITH and N.R. SMITH, Circuit Judges, and WALTER, Senior
District Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Donald E. Walter, Senior District Judge for the U.S. District Court for the Western District of Louisiana, sitting by designation.

1. The district court erroneously construed coverage under the Zurich American Insurance Company policy to exclude Totem Bowl and Investments, Inc. Thus, we reverse and remand with instructions to enter judgment in favor of American Economy Insurance Company.

Under Washington law, an insurer's duty to defend "arises when a complaint against the insured, construed liberally, alleges facts which could, if proven, impose liability upon the insured within the policy's coverage." *Unigard Ins. Co. v. Leven*, 983 P.2d 1155, 1160 (Wash. Ct. App. 1999). "An insurer's duty to defend is broader than its duty to indemnify. . . . The duty to defend . . . is based on the *potential* for liability." *Truck Ins. Exch. v. VanPort Homes, Inc.*, 58 P.3d 276, 281 (Wash. 2002) (emphasis added and citations omitted). Here, Zurich insured Cut'N Up, who leased salon space from Totem Bowl. The allegations of the underlying slip-and-fall complaint seek to hold Totem Bowl liable as owner of the strip mall based on breach of its duty to keep the premises safe for its invitees, including Cut'N Up and the employees and customers of Cut'N Up.[1] *See Ford v. Red Lion Inns*, 840 P.2d 198, 202 (Wash. Ct. App. 1992). Totem Bowl's alleged liability "aris[es] out of the ownership, maintenance, or use of that part of any

---

[1] Although we need not refer to the Totem Bowl/Cut'N Up lease agreement, on which American Economy relied in its tender letters to Zurich, the lease agreement simply reiterates Totem Bowl's duty to maintain the stairs. It is irrelevant to the question of whether the allegations in the underlying complaint triggered the duty to defend.

premises leased to [Cut'N Up]" because the underlying plaintiff slipped on icy stairs on her way to an appointment at Cut'N Up. Thus, Totem Bowl is covered under the plain language of the "insured contract" provision. We reject Zurich's narrow reading of the "arising out of" provision to mean only "arising inside of" the leased premises. *See, e.g.*, *Nw. Airlines v. Hughes Air Corp.*, 702 P.2d 1192, 1196 (Wash. 1985) (refusing to interpret "arising out of or in connection with the use and occupancy of the premises by Lessee" to mean "on the [leased] premises" where lessee's injured employee was expected to use common areas controlled by lessor); *Equilon Enters. LLC v. Great Am. Alliance Ins. Co.*, 132 P.3d 758, 761-62 (Wash. Ct. App. 2006) (collecting cases interpreting "arising out of," noting "a 'natural consequence' level of causation," and applying a "broad interpretation" to find coverage under the policy).

2. It was unreasonable for Zurich to refuse to defend based on a narrow interpretation of the policy's "arising out of" language and a self-serving interpretation of case law. *See Am. Best Food, Inc. v. Alea London, Ltd.*, 229 P.3d 693, 700 (Wash. 2010). Zurich was required to give to the insured "the benefit of any doubt as to the duty to defend." *Id.* Thus, we conclude that Zurich acted in bad faith.

3. In light of our holding, American Economy and Totem Bowl are entitled to attorney's fees under Washington law. *See McGreevy v. Or. Mut. Ins. Co.*, 904

P.2d 731, 732 (Wash. 1995). We remand determination of the appropriate amount of attorney's fees to the district court.

**REVERSED and REMANDED.**