FILED

NOV. 26, 2013

In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| JERELYN BIORN, | ) | No. 30887-1-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KENNEWICK SCH. DIST. NO. 17, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | |

BROWN, J. — Jerelyn Biorn appeals a defense verdict in her slip-and-fall
negligence suit against Kennewick School District No. 17. She contends the trial court
erred by denying her motion for judgment as a matter of law and rejecting her proposed
constructive notice jury instruction. We disagree with Ms. Biorn, and affirm.

FACTS

Ms. Biorn worked as a part-time paraeducator at Canyon View Elementary
School in Kennewick. Most employees parked vehicles in the staff parking lot before
school began around 8:30 a.m. Ms. Biorn was usually the last employee to arrive
because she began work around 10:30 a.m.

On January 5, 2009, Ms. Biorn saw snow accumulation outside, dressed
accordingly, and drove her vehicle to Canyon View without losing tire traction. At the
staff parking lot, she saw snow but no ice. She slipped and fell shortly after parking and

exiting her vehicle. Her impact brushed away a light layer of snow, revealing a slippery layer of ice beneath. These layers formed when, beginning around 2:00 a.m., Kennewick experienced rainfall followed by low temperatures and snowfall.

Under the school district's snow removal policy, custodians and groundskeepers remove snow in two phases, completing the walkways and entryways at each school during phase one and the parking lots at each school during phase two. Following this policy, a custodian began his duties under phase one at Canyon View around 7:00 a.m. Likewise, a crew of groundskeepers began their duties under phase one at Canyon View sometime after 7:00 a.m. The custodian saw snow in the staff parking lot when he parked his vehicle there. But the staff parking lot never presented major concerns before and, throughout the morning, the school district received no reports of ice from the 65 to 70 employees who parked vehicles there. At the time Ms. Biorn slipped and fell, the school district had not yet begun phase two at Canyon View because it was still attending to high schools and middle schools, which began earlier.

Ms. Biorn sued the school district for negligence based on premises liability and the case proceeded to trial. At the close of evidence, she moved unsuccessfully for judgment as a matter of law on the liability issue. Then, she unsuccessfully proposed a constructive notice jury instruction based on *Iwai v. State*, 129 Wn.2d 84, 96, 915 P.2d 1089 (1996) (quoting *Pimentel v. Roundup Co.*, 100 Wn.2d 39, 44, 666 P.2d 888 (1983)):

> To demonstrate constructive notice of an unsafe condition, the invitee must show that the specific unsafe condition had existed for such time as would have afforded defendant sufficient opportunity, and exercise of

2

ordinary care, to have made proper inspection of premises and to have removed the danger.

Clerk's Papers at 35.

The jury returned a defense verdict. Ms. Biorn appealed.

ANALYSIS

A. Judgment as a Matter of Law

The issue is whether the trial court erred by denying Ms. Biorn's motion for judgment as a matter of law. She contends the court ignored evidence tending to show the school district had actual or constructive notice of the dangerous ice beneath the snow in the staff parking lot. We review a decision on a motion for judgment as a matter of law de novo, applying the same standard as the trial court. *Sing v. John L. Scott, Inc.*, 134 Wn.2d 24, 29, 948 P.2d 816 (1997); *Hill v. BCTI Income Fund-I*, 144 Wn.2d 172, 187, 23 P.3d 440 (2001), *overruled on other grounds by McClarty v. Totem Elec.*, 157 Wn.2d 214, 137 P.3d 844 (2006).

Judgment as a matter of law is proper if "viewing the evidence most favorable to the nonmoving party, the court can say, as a matter of law, there is no substantial evidence or reasonable inference to sustain a verdict for the nonmoving party."[1] *Sing*, 134 Wn.2d at 29 (citing *Indus. Indem. Co. of the Nw. v. Kallevig*, 114 Wn.2d 907, 915-16, 792 P.2d 520 (1990)); *see* CR 50(a)(1). A motion for judgment as a matter of law

---

[1] Substantial evidence is a "sufficient quantum to persuade a fair-minded, rational person of the truth of a declared premise." *Helman v. Sacred Heart Hosp.*, 62 Wn.2d 136, 147, 381 P.2d 605 (1963). Thus, evidence sustaining a verdict for the nonmoving party must "convince 'an unprejudiced, thinking mind'" to be substantial. *Indus. Indem. Co. of the Nw. v. Kallevig*, 114 Wn.2d 907, 916, 792 P.2d 520 (1990) (quoting *Hojem v. Kelly*, 93 Wn.2d 143, 145, 606 P.2d 275 (1980)).

"admits the truth of the [nonmoving party's] evidence and all inferences which can reasonably be drawn therefrom, and requires that the evidence be interpreted most strongly against the moving party and in a light most favorable to the [nonmoving party]." *Davis v. Early Constr. Co.*, 63 Wn.2d 252, 254, 386 P.2d 958 (1963). We defer to the jury on issues of witness credibility and evidence weight or persuasiveness. *Faust v. Albertson*, 167 Wn.2d 531, 538, 222 P.3d 1208 (2009).

A negligence suit requires proof the defendant breached a duty of care owed to the plaintiff and, thereby, proximately caused the plaintiff to suffer a compensable injury. *See Pedroza v. Bryant*, 101 Wn.2d 226, 228, 677 P.2d 166 (1984); *Hansen v. Wash. Natural Gas Co.*, 95 Wn.2d 773, 776, 632 P.2d 504 (1981). A person is negligent if he or she fails to exercise ordinary care—the degree of care a person of ordinary prudence would exercise in the same or similar circumstances. *La Moreaux v. Fosket*, 45 Wn.2d 249, 255, 273 P.2d 795 (1954). Thus, a person is negligent if he or she does something a reasonable person would not do or fails to do something a reasonable person would do in such situations. *Sys. Tank Lines, Inc. v. Dixon*, 47 Wn.2d 147, 151, 286 P.2d 704 (1955).

A land possessor's duty of care depends on the land entrant's common law classification as an invitee, licensee, or trespasser. *Younce v. Ferguson*, 106 Wn.2d 658, 659, 662-63, 667, 724 P.2d 991 (1986). The parties agree Ms. Biorn was a business invitee.[2] A land possessor owes a business invitee a duty to exercise ordinary

---

[2] A business invitee is a person expressly or impliedly invited onto the premises for some purpose connected to the land possessor's business interest or benefit. *McKinnon v. Wash. Fed. Sav. & Loan Ass'n*, 68 Wn.2d 644, 649-50, 414 P.2d 773

care for the invitee's safety by keeping the premises reasonably safe for his or her anticipated use. *Miniken v. Carr*, 71 Wn.2d 325, 327-28, 428 P.2d 716 (1967); *Enerson v. Anderson*, 55 Wn.2d 486, 489, 348 P.2d 401 (1960); *see also Tincani v. Inland Empire Zoological Soc'y*, 124 Wn.2d 121, 139, 875 P.2d 621 (1994) (explaining reasonable care requires the possessor to "inspect for dangerous conditions, 'followed by such repair, safeguards, or warning as may be reasonably necessary for [the invitee's] protection under the circumstances'" (alteration in original) (quoting RESTATEMENT (SECOND) OF TORTS § 343 cmt. b (1965))).

Where the premises contain a dangerous condition not caused by the land possessor, the possessor's duty regarding the danger arises when he or she receives actual or constructive notice of it. *See Pimentel*, 100 Wn.2d at 39; *Wiard v. Mkt. Operating Corp.*, 178 Wash. 265, 268, 34 P.2d 875 (1934); *see also Tincani*, 124 Wn.2d at 138 (explaining premises liability attaches after the possessor "'knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to . . . invitees'" (quoting RESTATEMENT (SECOND) OF TORTS § 343(a))). Actual notice arises if the danger is called to the possessor's attention and knowledge. Constructive notice arises if the condition "existed for such time as would have afforded [the possessor] sufficient opportunity, in the exercise of ordinary care, to have made a proper inspection of the premises and to have removed the danger." *Smith v. Manning's, Inc.*, 13 Wn.2d 573, 580, 126 P.2d 44 (1942); *see Wiard*, 178 Wash. at 268.

---

(1966) (quoting RESTATEMENT (SECOND) OF TORTS § 332 (1965)); *Garner v. Pac. Coast*

5

Here, viewed in the light most favorable to the school district, the evidence shows when Ms. Biorn slipped and fell the school district had no more than general awareness of earlier precipitation and low temperatures in the staff parking lot. And, this general awareness persisted for about three and one-half hours, during which the school district actively complied with its snow removal policy. The snow concealed the dangerous ice. The staff parking lot never presented major concerns before and, throughout the morning, the school district received no reports of ice from the 65 to 70 employees who parked vehicles there.

A rational jury could reasonably conclude the dangerous ice beneath the snow had not been called to the school district's attention and knowledge. *Cf. Iwai*, 129 Wn.2d at 97-98 (requiring more than a general awareness of earlier precipitation and low temperatures in a parking lot); *Ford v. Red Lion Inns*, 67 Wn. App. 766, 773, 841 P.2d 49 (1992) (requiring more than the mere fact of snow and ice accumulation in a parking lot). Further, a rational jury could reasonably conclude the condition had not existed long enough for the school district to inspect the staff parking lot and remove the danger in the exercise of ordinary care. *Cf. Mucsi v. Graoch Assocs. Ltd. P'ship No. 12*, 144 Wn.2d 847, 862, 31 P.3d 684 (2001) (concluding two to three days was long enough as to a side exit); *Leonard v. Pay'n Save Drug Stores*, 75 Wn. App. 445, 451-52, 880 P.2d 61 (1994) (concluding four to five days was long enough as to a sidewalk); *Maynard v. Sisters of Providence*, 72 Wn. App. 878, 879, 883, 866 P.2d 1272 (1994) (concluding two to four days was long enough as to a parking lot). Thus, substantial

*Coal Co.*, 3 Wn.2d 143, 148, 100 P.2d 32 (1940).

6

evidence exists to sustain a verdict for the school district on the issues of actual and constructive notice. Therefore, the trial court did not err by denying Ms. Biorn's motion for judgment as a matter of law.

### B. Constructive Notice Instruction

The issue is whether the trial court erred by rejecting Ms. Biorn's proposed constructive notice jury instruction. She contends the court prevented her from arguing her case theory and misinformed the jury regarding the law it must apply. "[A] trial court has considerable discretion in [deciding] how the instructions will be worded and whether the rules contained in general instructions will be or should be repeated in specific instructions in more detail." *Roberts v. Goerig*, 68 Wn.2d 442, 455, 413 P.2d 626 (1966). Thus, we review such decisions for abuse of discretion.[3] *See Gammon v. Clark Equip. Co.*, 104 Wn.2d 613, 617, 707 P.2d 685 (1985); *Peterson v. State*, 100 Wn.2d 421, 441, 671 P.2d 230 (1983).

Jury instructions are sufficient if they allow the parties to argue their case theories, do not mislead the jury and, as a whole, properly inform the jury of the law it must apply. *Brown v. Spokane County Fire Prot. Dist. No. 1*, 100 Wn.2d 188, 194, 668 P.2d 571 (1983). A trial court may reject a proposed instruction that is cumulative or repetitious of instructions given, or that would tend to confuse rather than aid the jury.

---

[3] A trial court abuses its discretion if its decision is "manifestly unreasonable," based on "untenable grounds," or made for "untenable reasons." *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971); *see also In re Marriage of Littlefield*, 133 Wn.2d 39, 47, 940 P.2d 1362 (1997) ("A court's decision is manifestly unreasonable if it is outside the range of acceptable choices, given the facts and the applicable legal standard; it is based on untenable grounds if the factual findings are unsupported by the

7

No. 30887-1-III
*Biorn v. Kennewick Sch. Dist. No. 17*

*See State v. Benn*, 120 Wn.2d 631, 655, 845 P.2d 289 (1993); *Mathias v. Eichelberger*,

182 Wash. 185, 192-93, 45 P.2d 619 (1935).

In rejecting Ms. Biorn's proposed instruction, the trial court reasoned the pattern

instructions it previously accepted upon her request adequately incorporated the

concept of constructive notice without using legal jargon.[4] The court's assessment is

sound. *See* 6A WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CIVIL

120.06.02 & cmt. at 20-21, 120.07 & cmt. at 26-27 (6th ed. 2012). Therefore, we

---

record; it is based on untenable reasons if it is based on an incorrect standard or the facts do not meet the requirements of the correct standard.").

[4] Specifically, the trial court mentioned instructions 7 and 10, which stated,

> As owner of the premises, Kennewick School District is liable for any physical injuries to its business invitees caused by a condition on the premises if the owner, Kennewick School District,
> (A) knows of the condition or *fails to exercise ordinary care to discover the condition* and should realize that this involves an unreasonable risk of harm to such business invitees,
> (B) should expect that they should not discover or realize the danger or will fail to protect themselves against it, and
> (C) fails to exercise ordinary care to protect them against the danger.
>
> . . . .
>
> An owner of a premises has a duty to correct a temporary, unsafe condition of the premises that was not created by the owner and that was not caused by the negligence on the part of the owner if the condition was either brought to the actual attention of the owner or *existed for a sufficient length of time and under such circumstances that the owner should have discovered it in the exercise of ordinary care*.

Report of Proceedings at 179-80 (emphasis added). Ms. Biorn proposed language identical or nearly identical to these instructions. Therefore, the invited error doctrine precludes her from challenging the sufficiency of these instructions. *See Ball v. Smith*, 87 Wn.2d 717, 720, 556 P.2d 936 (1976) ("A party may not request an instruction and later complain on appeal that such requested instruction was given." (citing *Vangemert v. McCalmon*, 68 Wn.2d 618, 625, 414 P.2d 617 (1966))).

8

No. 30887-1-III
*Biom v. Kennewick Sch. Dist. No. 17*

conclude the court did not abuse its discretion in rejecting her proposed instruction as cumulative, repetitious, and confusing, and did not err.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Brown, J.
Brown, J.

WE CONCUR:

Kulik, J.
Kulik, J.

Siddoway, A.C.J.
Siddoway, A.C.J.