54 P.3d 188 (2002)
113 Wash.App. 464
Alton L. BEEBE and Sherry L. Beebe, husband and wife, Appellants,
v.
Roger MOSES and Aimee Moses, husband and wife and the marital community comprised thereof, Respondents.
No. 20348-4-III.
Court of Appeals of Washington, Division 3, Panel Nine.
September 19, 2002.
James A. Domanico, Crary & Clark, Spokane, WA, for Appellants.
Richard E. Hayes, Gerald Kobluk, Paine, Hamblen, Spokane, WA, for Respondents.
KATO, A.C.J.
Alton Beebe attended a Tupperware party at the home of his stepdaughter Aimee Moses. As he left the party, Mr. Beebe was injured when he fell down some steps. The Beebes sued the Moseses. The trial court instructed the jury that Mr. Beebe was a social guest at the time of his injury. The jury returned a defense verdict. We reverse and remand for a new trial.
*189 Aimee Moses hosted a Tupperware party at her home. Ms. Moses was the host of the party, but she did not sell Tupperware. Mable Bull was the consultant actually selling the Tupperware at Ms. Moses' party. Ms. Bull received a list of people from Ms. Moses to whom she sent invitations and collected the money for Tupperware purchases. In exchange for hosting the party, Ms. Moses received free Tupperware products. Specifically, she received "[a] little bowl" and a $15 credit toward purchasing more Tupperware. Report of Proceedings at 125.
Alton and Sherry Beebe were invited to attend the Tupperware party. Mr. Beebe is Ms. Moses' stepfather. The Beebes had visited Ms. Moses approximately six or more times before the party. On the night of the accident, they were there for the Tupperware party. The Beebes arrived about 30 minutes early. They purchased a water pitcher from Ms. Bull.
When leaving the party to get to his car, Mr. Beebe tripped and fell down the Moseses' back stairs. He broke his wrist and leg. Claiming the stairs were negligently maintained, the Beebes filed a negligence action against Ms. Moses and her husband.
The matter proceeded to trial. At the close of the case, the trial court determined that Mr. Beebe was a social guest at the time he was injured and instructed the jury accordingly. The jury returned a verdict in favor of the Moseses. This appeal follows.
The Beebes contend that the trial court erred by determining as a matter of law that Mr. Beebe was a social guest of the Moseses at the time he was injured. They claim he was there for a business purpose, i.e., the Tupperware party; Ms. Moses received an economic benefit from the party; and any social purpose for the gathering was merely incidental to the primary purpose of buying Tupperware.
When the facts regarding a visitor's entry onto property are undisputed, the visitor's legal status as invitee, licensee, or trespasser is indeed a question of law. Ford v. Red Lion Inns, 67 Wash.App. 766, 769, 840 P.2d 198 (1992), review denied, 120 Wash.2d 1029, 847 P.2d 481 (1993). But when the facts are disputed, the question is one for the jury to decide. Egede-Nissen v. Crystal Mountain, Inc., 93 Wash.2d 127, 135-36, 606 P.2d 1214 (1980).
Washington has adopted the definition of an invitee in the RESTATEMENT (SECOND) OF TORTS § 332 (1965). McKinnon v. Wash. Fed. Sav. & Loan Ass'n, 68 Wash.2d 644, 650, 414 P.2d 773 (1966). A business invitee is defined as "a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land." RESTATEMENT (SECOND) OF TORTS § 332 (1965); Younce v. Ferguson, 106 Wash.2d 658, 667, 724 P.2d 991 (1986); McKinnon, 68 Wash.2d at 650, 414 P.2d 773.
In contrast, "[a] licensee is defined as `a person who is privileged to enter or remain on land only by virtue of the possessor's consent.'" Younce, 106 Wash.2d at 667, 724 P.2d 991 (quoting RESTATEMENT (SECOND) OF TORTS § 330 (1965)). "A licensee includes a social guest, that is, a person who has been invited but does not meet the legal definition of invitee." Younce, 106 Wash.2d at 667, 724 P.2d 991.
The only issue is whether the trial court erred by determining as a matter of law that Mr. Beebe was a social guest. To decide an entrant's status, "[t]he ultimate goal is to differentiate (1) an entry made for a business or economic purpose that benefits both entrant and occupier, from (2) an entry made for a purpose that either (a) benefits only the entrant or (b) is primarily familial or social." Thompson v. Katzer, 86 Wash.App. 280, 286, 936 P.2d 421, review denied, 133 Wash.2d 1020, 948 P.2d 387 (1997); see Swanson v. McKain, 59 Wash. App. 303, 308-09, 796 P.2d 1291 (1990), review denied, 116 Wash.2d 1007, 805 P.2d 813 (1991).
The Beebes presented testimony that they were at the Moseses' home solely because they were invited to attend the Tupperware party. They even bought Tupperware there. Ms. Moses received a dollar amount of free product based on the level of sales generated at the party she was hosting. On the other hand, the Moseses point out that Ms. Bull, not Ms. Moses, was the person selling the *190 Tupperware as she was the only one authorized to do so. They claim Ms. Moses received only a nominal and incidental benefit for hosting the party, which was primarily social.
But determining whether Mr. Beebe's entry was made for a business or economic purpose that benefited both him and Ms. Moses or whether his entry was primarily familial or social or was made for a purpose that only benefited him requires factual resolution by the jury. Egede-Nissen, 93 Wash.2d at 136, 606 P.2d 1214. The trial court erred when it found as a matter of law that Mr. Beebe was a social guest because that determination depended on the facts to be found by the jury. A new trial is required.
The judgment is reversed and the case remanded for new trial.
KURTZ, J., concurs.
SWEENEY, J. (concurring).
My colleagues have accurately outlined the law on premises liability in Washington. And they have applied that law to the facts of this case.[1] And, of course, they accurately recite the facts. I will, nonetheless, write separately. I do so because in my judgment the law of premises liability is anachronistic and out of step with modern social and legal thought, and is therefore just plain wrong. Traditional premises liability law relies on the status of the injured person rather than the propriety of his or her conduct. It does so because traditional premises liability law is largely the product of a legal system that did not include negligence. Nelson v. Freeland, 349 N.C. 615, 623, 507 S.E.2d 882 (1998).
The facts of this case highlight for me the problem with the current approach to premises liability more clearly than any in recent memory. The lawyers here spend their time and talent arguing over whether "[a] little bowl"[2] and a $15 credit toward Tupperware products is enough to move the injured plaintiff's status from that of a social invitee to that of a business invitee with all the protections that would go along with a business invitee.
The debate ought to be over whether these stairs were properly maintained in the first place, considering all the factors which would bear upon that question, like who could be expected to use them, when, and under what conditions, and whether the injured person should have been paying more attention to what he was doing when he fell. In other words, factually is the conduct of either or both of these litigants reasonable under all the circumstances. And, if not, then by what percentage did the negligence of each contribute to this injury.
As others before me, I ask "`[W]hy in common reason should a person invited for the occupier's pleasure be worse off than one who is about business concerning both?'" Sideman v. Guttman, 38 A.D.2d 420, 425, 330 N.Y.S.2d 263 (1972) (quoting POLLOCK ON TORTS 422 (14th ed.1939)).
In Washington, the duty of care owed by a landowner to those coming on the property turns on the status of the person entering trespasser, licensee, or invitee. Van Dinter v. City of Kennewick, 121 Wash.2d 38, 41, 846 P.2d 522 (1993); Younce v. Ferguson, 106 Wash.2d 658, 662, 724 P.2d 991 (1986). But this traditional rule has been under attack by both thoughtful commentators and jurists for a long time. In the landmark case of Rowland v. Christian, the California court observed that
Whatever may have been the historical justifications for the common law distinctions, it is clear that those distinctions are not justified in the light of our modern society and that the complexity and confusion which has arisen is not due to difficulty in applying the original common law rulesthey are all too easy to apply in *191 their original formulationbut is due to the attempts to apply just rules in our modern society within the ancient terminology.
Rowland v. Christian, 69 Cal.2d 108, 117, 443 P.2d 561, 70 Cal.Rptr. 97 (1968). The reason for this was that
[a] man's life or limb does not become less worthy of protection by the law nor a loss less worthy of compensation under the law because he has come upon the land of another without permission or with permission but without a business purpose. Reasonable people do not ordinarily vary their conduct depending on such matters, and to focus upon the status of the injured party as a trespasser, licensee, or invitee in order to determine the question whether the landowner has a duty of care, is contrary to our modern social mores and humanitarian values. The common law rules obscure rather than illuminate the proper considerations which should govern determination of the question of duty.
Id. at 118, 70 Cal.Rptr. 97, 443 P.2d 561.
And, indeed, common law rules do obscure proper considerations. No less a legal scholar than Guido Calabresi in his epic work A Common Law for the Age of Statutes notes the importance of Rowland:
Faced with the time-honored, but also time-worn, common law distinction between a landowner's liability to guests and to business visitors, the California court in traditional common law fashion moved to abolish the difference. In what has become a much followed and praised opinion it said that the distinction made no sense under modern conditions.
GUIDO CALABRESI, A COMMON LAW FOR THE AGE OF STATUTES 10 (1982).
The important discussion here ought to be over what these parties should have done to protect Alton Beebe. The fact that Mr. Beebe was there for a Tupperware party should not make him any less worthy of protectionor more worthy of protection than a business invitee. The host's obligation to make his or her premises reasonably safe for those invited on his or her property should not turn on whether there is some business benefit.
Almost all commentators have criticized the rule. Sideman, 38 A.D.2d at 424, 330 N.Y.S.2d 263 ("[s]o far as my research discloses, every commentator who has discussed this question of the classification of social guests as mere licensees for purposes of determining the level of care owed such guests by the host ... has strongly criticized the rule," listing a number of law review articles).
Comments from this South Dakota Law Review are typical:
The common law premises liability classification scheme, which graduates the duty of care owed by a land occupier to an entrant according to the entrant's status of "trespasser," "licensee" or "invitee," has outlived its useful purpose. Changes in social mores, humanitarian values and societal living arrangements warrant abrogation in South Dakota of the traditional status distinctions as determinative of the scope of duty of care owed by occupiers to entrants....
Mark. J. Welter, Comment, Premises Liability: A Proposal to Abrogate the Status Distinctions of "Trespasser," "Licensee" and "Invitee" as Determinative of a Land Occupier's Duty of Care Owed to an Entrant, 33 S.D. L.REV. 66, 89 (1987/1988). Even England, the country generating this doctrine, has abandoned it. Nelson, 349 N.C. at 620-21, 507 S.E.2d 882.
It is time to abandon these feudal-based, common law distinctions and instead pass upon these premises liability questions based on the reasonableness of the conduct of the injured party and the owner/occupier of the land.
NOTES
[1] The facts material to the dispute are undisputed. The only question before the court is one of law: what legal status do the facts support social invitee or business invitee. Schreiner v. City of Spokane, 74 Wash.App. 617, 621, 874 P.2d 883 (1994). So based on traditional premises liability law, the trial judge was correct to dismiss the case. My dispute is with these traditional rules being applied.
[2] Report of Proceedings at 125.