IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| LORI TINSLEY, | ) | No. 79274-1-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| SHARON B. MILLER, WILLIAM | ) | |
| MILLER and JOHN DOE TRUSTEE | ) | |
| of THE WILLIAM R. MILLER LIVING | ) | |
| TRUST, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | FILED: March 3, 2020 |

HAZELRIGG, J. — Lori Tinsley appeals a summary judgment order dismissing her claim for injuries incurred while clearing iron rebar from Sharon Miller's property.[1] Tinsley asserts that the trial court erred by granting summary judgment on an issue raised for the first time in Miller's reply brief and failing to recognize that Tinsley raised a genuine issue of material fact as to her legal status on Miller's property. Finding no error, we affirm.

FACTS

Tinsley and Miller were longtime friends who attended the same church. Miller lives in a home in Everett on property owned by a trust established by her

---

[1] Sharon Miller, sole trustee of the William R. Miller Living Trust, has a life estate in the property where Tinsley was injured and was the possessor at the time of the injury.

deceased husband prior to their marriage. In addition to the main house where Miller resides, the property has two additional one-bedroom homes which were in very poor condition at the time of the incident that gave rise to this lawsuit.

In 2014, Tinsley told Miller that she had been having a hard time finding a place to live that she could afford on her disability income. Tinsley testified that Miller "said that she had two houses on her property and she had a third house plus a garage and that, if I helped her clean it up, that maybe I could rent there." About a month before the incident, Tinsley came to walk around the yard and look at the houses. The yard was overgrown and strewn with miscellaneous items, and large amounts of iron rebar were stacked on wood pallets around the property. Tinsley characterized the condition of the property as "hoarding." Josh Hutchison, another individual present on the day of the incident, stated that the property was a "disaster," with tall grass, waist-high stacks of rebar, wood pallets, and garbage inside and out.

Tinsley offered to get a team together to clean up the property so she could move in. They also discussed gathering up the rebar and selling it so Miller could raise cash to pay her taxes. Miller acknowledged that they discussed Tinsley moving in, but asserted that "absolutely nothing that had been finalized." Tinsley drafted a written agreement regarding the arrangement, but Miller did not think it was fair and never signed it.

Tinsley assembled a group of family and friends, all of whom attended the same church as Miller and Tinsley, to help clean up the property. Tinsley had a pre-existing back condition, and always strained her back every time she moved

it. Miller testified that she told Tinsley not to handle rebar due to her back condition and Tinsley promised she would not. Tinsley denied that Miller told her not to lift anything.

However, when the cleanup project began, Tinsley did participate in removing rebar. On April 8, 2014, Tinsley was picking up rebar and tossing it into a pickup truck when the wooden pallet on which she was standing gave way, causing her to fall and strike her face on a nearby pipe. Tinsley had been standing on the pallet for at least two hours before she fell. She had been moving rebar for at least a full day prior to the incident.

Tinsley filed suit against Miller, alleging that her injuries resulted from Miller's negligent failure to maintain her property in a reasonably safe condition. Miller moved for summary judgment, arguing that Tinsley's claims fail as a matter of law because (1) Miller's duty of care was determined by Tinsley's common law status as a licensee and (2) Miller did not breach this duty because Tinsley had full knowledge of the dangerous conditions on the property. In response, Tinsley asserted that only a jury could decide whether she was an invitee rather than a licensee and that a question of fact existed regarding whether Miller had breached the duty of care applicable to an invitee. In reply, Miller argued that, even assuming arguendo that Tinsley was an invitee rather than a licensee, summary judgment dismissal was still appropriate because the specific hazard that allegedly caused her injury was a hazard she had personally exposed and that she chose to engage in the activity with this knowledge.

The trial court granted Miller's motion for summary judgment without stating the basis for its decision. Tinsley moved for reconsideration, arguing that the court was not free to decide whether Tinsley was an invitee because Miller did not raise that issue in her moving papers. She further argued that genuine issues of material fact existed as to whether Tinsley was an invitee and that further briefing was needed as to whether Miller had breached the duty owed to an invitee. The trial court denied Tinsley's motion for reconsideration. Tinsley appealed.

ANALYSIS

We review a grant of summary judgment de novo, undertaking the same inquiry as the trial court. Jones v. Allstate Ins. Co., 146 Wn.2d 291, 300, 45 P.3d 1068 (2002). Summary judgment is appropriate if the pleadings, affidavits, depositions, and admissions on file demonstrate the absence of any genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c), Versuslaw, Inc. v. Stoel Rives, LLP, 127 Wn. App. 309, 319, 111 P.3d 866 (2005). The moving party bears the burden of demonstrating there is no genuine dispute as to any material fact. Green v. Am. Pharm. Co., 136 Wn.2d 87, 100, 960 P.2d 912 (1998). A material fact determines the outcome of the litigation in whole or in part. Atherton Condo. Apt.-Owners Ass'n Bd. Of Dirs. v. Blume Dev. Co., 115 Wn.2d 506, 516, 799 P.2d 250 (1990). Questions of fact may be determined as a matter of law when reasonable minds could reach but one conclusion. Miller v. Likins, 109 Wn. App. 140, 144, 34 P.3d 835 (2001).

A party moving for summary judgment must raise all of the issues on which it believes it is entitled to summary judgment in its opening memorandum. Molloy

v. City of Bellevue, 71 Wn. App. 382, 385, 859 P.2d 613 (1993). It is incumbent upon the moving party to determine what issues are susceptible to resolution through summary judgment and clearly state them in its opening papers. White v. Kent Med. Ctr., Inc., P.S., et al., 61 Wn. App. 163, 169, 810 P.2d 4 (1991). "The court will ordinarily refuse to consider new issues raised by the moving party in its rebuttal to the response because the nonmoving party has no opportunity to respond." 14A KARL B. TEGLAND, WASH. PRAC. CIVIL PROCEDURE 25.4, at 114 (3d ed. 2018). If a nonmoving party discusses new issues in its responsive memorandum, and does not seek summary judgment on them, these issues are not proper subjects for the moving party to rebut in a reply memorandum. Molloy, 71 Wn. App. at 385. As such, a trial court cannot grant summary judgment on those issues. Id.

To establish negligence, a plaintiff must prove four basic elements: (1) the existence of a duty, (2) breach of that duty, (3) resulting injury, and (4) proximate cause. Degel v. Majestic Mobile Manor, Inc., 129 Wn.2d 43, 48, 914 P.2d 728 (1996). The plaintiff must establish an issue of material fact as to each element of negligence to defeat summary judgment. Martini v. Post, 178 Wn. App. 153, 164, 313 P.3d 473 (2013).

"Under common law premises liability, a landowner owes differing duties to entrants onto land depending on the entrant's status as a trespasser, a licensee, or an invitee." Afoa v. Port of Seattle, 176 Wn.2d 460, 467, 296 P.3d 800 (2013). The highest of these three levels of duty is owed to an invitee. Fuentes v. Port of Seattle, 119 Wn. App. 864, 869, 82 P.3d 1175 (2003). A business invitee is "'a

person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land.'" Beebe v. Moses, 113 Wn. App. 464, 467, 54 P.3d 188 (2002) (quoting RESTATEMENT (SECOND) OF TORTS § 332 (1965)). In contrast, a licensee is "'a person who is privileged to enter or remain on land only by virtue of the possessor's consent.'" Younce v. Ferguson, 106 Wn.2d 658, 667, 724 P.2d 991 (1986) (quoting Restatement (Second) of Torts § 330).

"Generally, a landowner owes trespassers and licensees only the duty to refrain from willfully or wantonly injuring them, whereas to invitees the landowner owes an affirmative duty to use ordinary care to keep the premises in a reasonably safe condition." Degel, 129 Wn.2d at 49. "Reasonable care requires the landowner to inspect for dangerous conditions, 'followed by such repair, safeguards, or warning as may be reasonably necessary for [a tenant's] protection under the circumstances.'" Tincani v. Inland Empire Zoological Soc'y, 124 Wn.2d 121, 139, 875 P.2d 621 (1994) (quoting RESTATEMENT (SECOND) OF TORTS § 343, cmt. b. (1965)) (alterations in original).

However, "[a] possessor of land is not liable to his [or her] invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." Iwai v. State, 129 Wn.2d 84, 94, 915 P.2d 1089 (1996) (citing RESTATEMENT (SECOND) OF TORTS § 343A(1) (1965)). "Washington courts have long held that there is no duty to warn a business invitee about conditions of which the invitee has actual knowledge." Barker v. Skagit

Speedway, Inc., 119 Wn. App. 807, 813, 82 P.3d 244 (2003). Where an alleged unsafe condition is both obvious and known to the plaintiff, the defendants owe no duty to warn of this condition. Seiber v. Poulsbo Marine Ctr., Inc., 136 Wn. App. 731, 740, 150 P.3d 633 (2007).

On appeal, Tinsley does not argue that summary judgment was improper on the ground that she raised a question of material fact as to whether Miller breached her duty to Tinsley as an invitee. Rather, she contends that she raised a question of material fact regarding her legal status as an invitee or a licensee, which the trial court was barred from determining as a matter of law because Miller's opening brief argued only that she did not breach her duty to Tinsley as a licensee.

Miller asserts that the trial court did not rule as a matter of law that Tinsley was an invitee. Rather, the court gave Tinsley the benefit of the doubt by assuming she was an invitee, then dismissed her claim because the evidence in the record established that Miller breached no duty to Tinsley. Miller further asserts that the trial court properly considered this argument because it was raised in rebuttal to Tinsley's opposition argument.

Tinsley cites White for the proposition that "[a]llowing the moving party to raise new issues in its rebuttal materials is improper because the nonmoving party has no opportunity to respond." White, 61 Wn. App. at 168. White is not analogous. In White, the defendants' initial motion for summary judgment asserted only that the plaintiff lacked expert testimony regarding the standard of care. Id. at 166. The defendants did not argue or even mention proximate cause until filing a rebuttal

memorandum after the plaintiff filed her responsive materials. Id. at 167. They asserted that this was proper because evidence submitted by plaintiff in her response brief included testimony concerning causation. Id. at 168. This court held that the trial court erred by considering the issue of proximate cause first raised in a reply memorandum, and in relying on that issue in granting summary judgment. Id. at 169.

Here, Miller did not raise the question of duty for the first time in her reply brief. Miller's summary judgment motion argued that she did not breach her duty to Tinsley as a licensee. Tinsley responded that there was a question of material fact as to whether she was an invitee or a licensee, and pointed out that Miller failed to argue that she did not breach the higher duty owed to invitees. In reply, Miller conceded for the purpose of the motion that Tinsley was an invitee, and asserted that summary judgment was nevertheless proper because Tinsley knew of the hazards and proceeded anyway. The question of duty was not raised for the first time in reply, and both parties had a fair opportunity to argue this issue.[2] Under these circumstances, White does not control. Accordingly, the trial court did not err in considering Miller's argument that she did not breach any duty to Tinsley, even assuming she was an invitee.

---

[2] Because the record does not contain a transcript of the summary judgment hearing, it is not possible to ascertain the parties' oral arguments or the basis of the trial court's decision. However, the parties' briefing on Tinsley's motion for reconsideration indicates that the trial court heard argument regarding whether Miller breached her duty to Tinsley as a licensee.

Affirmed.

WE CONCUR:

_____

Mann, ACJ

_____

_____